# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2936

_____

| | | |
|---|---|---|
| Debra Kubitz; Bruce Kubitz; Debra Kubitz, as Parent and Next Friend of a Minor Larry Kubitz, | * * * * | |
| Appellants, | * * | |
| v. | * * * | Appeal from the United States District Court for the Northern District of Iowa. |
| Dohrn Transfer Company, | * * | |
| Appellee. | * | |

_____

Submitted: February 15, 2002

Filed: June 7, 2002

_____

Before HANSEN, Chief Judge, HEANEY and RICHARD S. ARNOLD, Circuit Judges.

_____

HEANEY, Circuit Judge.

Debra Kubitz brought an action in the United States District Court[1], against Dohrn Transfer Company (Dohrn) for injuries she claimed she received when she

_____

[1]The Honorable John Jarvey, United States Magistrate Judge for the Northern District of Iowa, presiding with the consent of the parties pursuant to 28 U.S.C. §636(c).

attempted to unload an electric sign from the back of a Dohrn freight truck. Following a trial, a jury returned a special verdict form which indicated that Dohrn was negligent, but that its negligence was not the proximate cause of any damage to Kubitz. Kubitz appeals, and we affirm.

I.      BACKGROUND

Kubitz was an employee of Tierney's Clothing Store in Waukon, Iowa. On November 11, 1998, a Dohrn freight truck arrived at the store to deliver an electric sign. The sign was in a cardboard carton that weighed approximately 110 pounds. Dohrn's delivery driver entered the store and requested assistance in unloading the carton. Kubitz was alone in the store at the time, so she went outside to help.

Once outside, Kubitz stood behind the truck while the driver went into the back of the truck to move the carton. The driver then pushed the carton towards Kubitz until it started to drop toward the ground. The driver wanted Kubitz to steady the carton while he got out of the truck to help lower it to the ground. Instead, Kubitz took a step back and attempted to support the full weight of the carton. She alleges that she suffered an immediate and permanent injury to her back as a result, and that she is now unable to engage in regular employment.

Kubitz filed her suit against Dohrn on September 23, 1999, claiming that its driver failed to exercise due care for her safety when he unloaded the carton from the truck. Following the jury verdict, Kubitz filed a motion for a new trial, arguing that the verdict was not supported by the evidence. The district court denied the motion, finding that Dohrn had presented evidence that Kubitz had back problems and sought chiropractic treatment prior to the unloading incident, and that Dohrn had argued a comparative fault defense. The district court reasoned the jury could have determined that Dohrn's negligence was not a substantial factor in causing Kubitz's injuries.

II.    DISCUSSION

Kubitz asserts the district court improperly denied her motion for a new trial. We review a district court's denial of a motion for new trial for an abuse of discretion. Inacom Corp. v. Sears, Roebuck & Co., 254 F.3d 683, 688 (8th Cir. 2001). We will reverse the district court only if there is an "absolute absence of evidence to support the jury's verdict." Peerless Corp. v. United States, 185 F.3d 922, 927 (8th Cir. 1999) (citation omitted).

At trial, Dohrn presented evidence to indicate that Kubitz did not suffer a permanent injury as a result of the unloading incident. Kubitz's primary chiropractor, Dr. Suhr, testified that Kubitz received periodic chiropractic treatments prior to November 11, 1998 because she suffered temporary injuries while working on her farm. He also testified that he did not uncover objective findings to corroborate Kubitz's claims that she suffered a permanent back injury as a result of the the lifting incident. See Appellee's Appendix, at 43. Further, although Kubitz called several doctors to testify that the lifting incident caused her to suffer a permanent and debilitating back injury, Dr. Cederberg, an orthopedic surgeon who performed an IME of Kubitz on June 7, 2000, testified as follows:

> I thought that [her back injury] was not related to the work injury in question. . . . I couldn't find much wrong with her on an objective basis . . . her symptoms just didn't correlate [with] anything in the findings, or even on the MRI scan of her thoracolumbar spine that was taken as part of her workup. Things just did not correlate very well at all. . . . [O]n November 11, [1998] while doing that work activity with the box she might have pulled a few muscles for a short period of time.

Appellant's Appendix, at 71-72.[2]

This testimony was sufficient to cast doubt on Kubitz's suggestion that she was permanently injured as a result of the lifting incident. The jury could have concluded that Kubitz suffered only temporary muscle strain on November 11, 1998. In the alternative, the jury could have determined that Kubitz's back pain was the result of a preexisting injury.

We acknowledge that considerable evidence was presented in support of Kubitz's claim. The evidence that was presented at trial, however, was sufficient to substantiate the jury's verdict. The district court properly denied Kubitz's motion for a new trial.

III. CONCLUSION

For the reasons cited above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Dr. Cederberg also testified that, although Kubitz had a bulging disc in her back, it was unlikely that this disc injury could have been caused by a single lifting incident. See Appellee's Appendix, at 036.

-4-