# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2024

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Southern District of Iowa.
Miguel Barajas,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Appellant.　　　　　　　*

_____

Submitted: October 17, 2006
Filed:　February 2, 2007

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Miguel Barajas was convicted of possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), and of conspiracy to distribute a mixture or substance containing cocaine, a violation of 21 U.S.C. § 846. Barajas argues on appeal that (1) the district court[1] abused its discretion by not granting him a new trial, and (2) there was insufficient evidence to support his conviction. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, then Chief Judge, United States District Court for the Southern District of Iowa.

I.

On February 18, 2005, Trooper Jason Bardsley of the Iowa State Patrol made a traffic-violation stop of a Ryder truck driven by Barajas. Barajas's brother, Jose Barajas (hereinafter "Jose"), sat in the passenger seat. Bardsley immediately noticed Barajas's extreme nervousness. After requesting various documents, Bardsley learned that the truck's rental agreement was in Jose's name. Barajas stated that they were transporting furniture for Jose's boss out of California to a location in Chicago, and they presented Bardsley with a bill of lading describing the furniture. Largely as a result of Barajas's persistent nervousness even after Bardsley indicated that he would let Barajas off with a warning, Bardsley requested and received permission to see the contents of the truck. Examination of the furniture revealed hidden compartments concealing 30 kilograms of cocaine.

The brothers were taken to police headquarters and separated. Officer Arturo Vazquez, fluent in Spanish, advised Barajas of his Miranda rights and obtained a waiver. Barajas stated that they were traveling to Chicago to deliver the furniture for Jose's boss, Arterio Monteros. Once there, they were to call the boss and he would then unload the furniture. Barajas initially denied knowing about the cocaine, but in a later interview with Vazquez, he admitted knowing about it. Vazquez then had Special Agent Holder of the Drug Enforcement Administration (DEA) come in and speak to Barajas, at which time Barajas again admitted to knowing about the cocaine, adding that he had seen Monteros place the cocaine in the furniture.

At trial, both Holder and Vazquez testified about Barajas's admissions. During cross-examination, Holder also testified that no tape recorder was used during the interview. On redirect, he was asked whether the DEA uses tape recorders, to which he gave a qualified denial, stating that "We use them a lot for certain things. We don't use them for interviews." Barajas's counsel conducted no recross- examination of this testimony, though he used Holder's failure to record the interview to impeach

Holder's recollection of the interview. The jury found Barajas guilty of both possession and conspiracy.

Barajas's counsel subsequently discovered that the DEA policy and procedure manual does not prohibit the use of tape recorders in interviews. Barajas moved for a new trial, arguing that the DEA manual constituted newly discovered evidence showing that Holder had presented intentionally misleading testimony on a material issue, the presentation of which would likely have resulted in an acquittal. The district court denied his motion. Barajas now appeals that denial and also argues that insufficient evidence supported his conviction. We address each issue in turn.

## II.

We review for abuse of discretion the district court's denial of a motion for a new trial. United States v. Rouse, 410 F.3d 1005, 1009 (8th Cir. 2005). On appeal from a conviction, "[w]e review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003). A verdict will be overturned only if "no interpretation of the evidence would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." United States v. Morton, 412 F.3d 901, 904 (8th Cir. 2005) (internal quotations and ellipses omitted).

To be entitled to a new trial on the basis of newly discovered evidence, the movant must establish that: (1) the evidence was, in fact, newly discovered since trial; (2) the movant alleges facts from which the court may infer that the movant had been diligent; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is of such a nature that a new trial would likely produce an acquittal. United States v. Willis, 89 F.3d 1371, 1380 (8th Cir. 1996).

Barajas's proffered evidence does not satisfy these requirements. The DEA manual would serve only to impeach Holder's credibility concerning the DEA's tape-recording policy and would only tangentially lend support to Barajas's contention that he did not make the alleged admissions.[2] Additionally, Barajas has not provided facts from which we may infer that his failure to acquire the DEA manual earlier did not result from insufficient diligence. Even if, *arguendo*, the evidence drew Holder's credibility into question, Vazquez also testified to Barajas's admission. Thus we are not persuaded that the introduction of evidence suggesting the nonexistence of a formal DEA tape-recording policy would likely produce an acquittal. Accordingly, the district court did not abuse its discretion by denying Barajas's motion for a new trial.

We also conclude that the evidence was sufficient to support Barajas's possession and conspiracy convictions. Although Barajas contends that the government witnesses were not credible, "we do not review questions involving the credibility of witnesses, but leave credibility questions to the jury." United States v. Gaona-Lopez, 408 F.3d 500, 505 (8th Cir. 2005) (quoting United States v. Dabney, 367 F.3d 1040, 1043 (8th Cir. 2004)). The jury heard testimony that Barajas was exceptionally nervous at the traffic stop, a fact that the jury could reasonably interpret as suggesting a consciousness of guilt. See United States v. Martinez, 168 F.3d 1043, 1048 (8th Cir. 1999). The jury could also infer constructive possession from testimony that Barajas drove the rental truck in which the drugs were found. See United States v. Cole, 380 F.3d 422, 425 (8th Cir. 2004) (defining constructive possession by quoting United States v. Schubel, 912 F.2d 952, 955 (8th Cir. 1990)). Not only could the jury have reasonably found Barajas in knowing possession of the drugs based on the admission testimony of the two law enforcement officers, it could also have found knowing possession because proof of constructive possession suffices

---

[2]Even its value for impeachment purposes is limited, for Holder testified that DEA officials do not record interviews, not that they are prohibited from doing so.

to prove knowing possession.  <u>United States v. Johnson</u>, 285 F.3d 744, 750 (8th Cir. 2002).  As for the conspiracy conviction, the jury heard testimony that Barajas admitted to transporting the cocaine-stuffed furniture for his brother's boss; a fact sufficient to establish a conspiracy between Monteros and Barajas.

The judgment is affirmed.

_____