# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2194

_____

Julius E. Wright,            *
                            *
        Appellant,   *
                            *   Appeal from the United States
     v.                *   District Court for the Eastern
                            *   District of Arkansas.
Department of Health and Human   *
Services, Charles E. Johnson, Acting  *   [UNPUBLISHED]
Secretary,[1]                 *
                            *
        Appellee.    *

_____

Submitted: January 27, 2009
Filed: February 25, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Julius Wright appeals the district court's[2] entry of judgment, and the denial of his motion for a new trial, following a jury trial in his Title VII action. Wright alleged that he had been terminated from his government position as a sample custodian in the

_____

[1]Charles E. Johnson was designated as Acting Secretary as of noon on January 20, 2009, until a new Secretary is appointed, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Arkansas Regional Laboratory (ARL), which is part of the Department of Health and Human Services (HHS), in retaliation for prior Equal Employment Opportunity (EEO) activity. The district court[3] granted summary judgment in part to HHS, finding that Wright could claim retaliation based only on a 1996 EEO complaint, and thus he could not introduce evidence of his previous activity in 1985-86 as a union steward. Following a four-day trial, a jury returned a verdict for HHS. Wright moved for a new trial, and the district court denied the motion, as well as a motion to reconsider the denial.

In this timely appeal, Wright argues that the district court erred in prohibiting him from introducing evidence of his prior union activity, in allowing HHS to bring sample accountability records (SARs) into the courtroom, and in denying the motion for new trial based upon Wright's claims of insufficient evidence and juror bias. For the reasons that follow, we affirm.

First, we find that the district court did not err in prohibiting Wright from introducing evidence of his prior union activity. See Beach v. Yellow Freight Sys., 312 F.3d 391, 397 (8th Cir. 2002) (questions of admission of evidence reviewed for abuse of discretion). Because the court had granted summary judgment as to claims of retaliation based on anything other than Wright's 1996 EEO complaint, his other prior activities were not relevant. See Fed. R. Evid. 403; cf. Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1025 (8th Cir. 2004) (employment discrimination complaint must be limited to scope of investigation reasonably expected to grow out of charge of discrimination with Equal Employment Opportunity Commission).

Second, we find the district court did not err in allowing defendants to bring SARs into the courtroom. See Beach, 312 F.3d at 397 (abuse-of-discretion standard). Wright was given an opportunity to review the records, they were used only to support

---

[3]The Honorable George Howard, Jr., late a United States District Judge for the Eastern District of Arkansas.

a prepared summary, and Wright has not demonstrated how he was prejudiced.  See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1058-59 (8th Cir. 2005) (for new trial, evidentiary ruling must be so prejudicial that new trial is required and would likely produce different result).

Third, the district court did not err in denying Wright's motion for a new trial based on the sufficiency of the evidence.  See Jones v. Swanson, 341 F.3d 723, 732 (8th Cir. 2003) (motion for new trial reviewed for abuse of discretion; when basis for motion is verdict against weight of evidence, denial is virtually unassailable on appeal); Kubitz v. Dohrn Transfer Co., 293 F.3d 454, 455 (8th Cir. 2002) (court will reverse only if there is absolute absence of evidence to support jury verdict).  There was ample evidence to support the jury's verdict.  Meredith Grahn, who was responsible for both Wright's hiring and termination, testified that accurate SARs were critical to the functioning of ARL, that she terminated Wright for his failure to improve the accuracy of the SARs despite her prior warning, and that she did not know Wright had filed a prior EEO complaint before she terminated him.  Her testimony was supported by her audit reports, which she verified again with the SARs; by the testimony of her assistant John Gridley that he shared her concerns regarding the inaccurate SARs; and by the testimony of personnel specialist Mary Ann Hutchison and former deputy director Art Norris that they had not mentioned Wright's prior EEO complaint to Grahn.  The jury was entitled to credit Grahn's testimony.  See United States v. Barajas, 474 F.3d 1023, 1026 (8th Cir. 2007) (credibility of witnesses is question for jury).

Finally, the district court did not abuse its discretion in denying a new trial based on the alleged juror bias.  See United States v. Tucker, 137 F.3d 1016, 1026 (8th Cir. 1998) (party seeking new trial for concealed juror bias must prove juror was

dishonest and motivated by partiality, and true facts would have supported striking juror for cause) (citing <u>McDonough Power Equip., Inc. v. Greenwood</u>, 464 U.S. 548, (1984)).

The judgment is affirmed.

_____