# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-1964

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jaterius Deshawn Davis

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: April 13, 2022
Filed: June 9, 2022
[Unpublished]

——————————

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Jaterius Davis pled guilty to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The district court[1] sentenced him to a within-guidelines prison term of 140 months. Davis appeals the drug quantity attributed to him.

We review drug quantity determinations for clear error under a preponderance of the evidence standard. United States v. Janis, 995 F.3d 647, 651 (8th Cir. 2021). A district court's drug quantity ruling "will stand unless the decision is unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." United States v. Walker, 688 F.3d 416, 420-21 (8th Cir. 2012) (citation and internal quotation marks omitted).

At sentencing, the district court found Davis responsible for ecstasy pills and powder that tested positive as 53.91 grams of a methamphetamine mixture, resulting in a base offense level of 24. See U.S.S.G. § 2D1.1(c)(8). Law enforcement seized the ecstasy from a vehicle abandoned after a pursuit. Davis contends that insufficient evidence proved he knowingly possessed the ecstasy. We disagree.

The pursuit began when an officer responded to a call for a suspicious vehicle playing loud music. When the officer approached, the vehicle drove away with two occupants inside. The vehicle rammed a squad car before the front passenger bailed out and tried to run. Law enforcement arrested the passenger and identified him as Cameron Howard—Davis' cousin. The vehicle continued driving into an alleyway but became disabled after sustaining damage. An officer then observed a male exit the driver's seat. The driver was not apprehended that night. Nonetheless, officers discovered Davis' cell phone in the vehicle. Text messages indicated that Davis had been with Howard moments before the chase began. Someone also texted Davis to "turn dat down bro people sleep in here," followed by a response two minutes later saying that neighbors had called the landlord. Investigators eventually learned that a relative had rented the vehicle for Davis.

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

The record supports the conclusion that Davis was the driver of the vehicle. Substantial evidence confirmed his knowledge of the ecstasy. Our precedent holds that "control and dominion over a vehicle can indicate knowledge." United States v. Parker, 587 F.3d 871, 881 (8th Cir. 2009). Here, there is more than just control and dominion over the vehicle. Davis' cell phone contained messages regarding recent drug sales, including pills consistent with the price of ecstasy. The decision to flee from law enforcement gives rise to an inference of knowing contraband possession. See United States v. Bradley, 473 F.3d 866, 868 (8th Cir. 2007). Under these facts, we discern no error in the district court's finding that Davis constructively possessed the ecstasy. See, e.g., United States v. Barajas, 474 F.3d 1023, 1026 (8th Cir. 2007) (holding that defendant who drove a truck rented under his brother's name constructively possessed drugs found inside).

Since the district court properly attributed the meth-laced ecstasy to Davis, we do not reach his challenge to the crack quantity because the total offense level would remain the same. See U.S.S.G. § 2D1.1(c)(8) (setting a base offense level of 24 for crimes involving between 28 and 112 grams of cocaine base); United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) (deeming an error harmless that did "not alter the defendant's total offense level").

We affirm the judgment and deny the *pro se* motion to stay the appeal.

_____