# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1944

_____

United States of America,                *
                                          *
            Appellant,                    *
                                          *   Appeal from the United States
      v.                                  *   District Court for the
                                          *   Northern District of Iowa.
Lori Lynn Coyle,                          *
                                          *
            Appellee.                     *

_____

Submitted: March 4, 2005
Filed: November 17, 2005

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

This is an appeal by the government challenging the degree to which the district court reduced a sentence based on the defendant's provision of substantial assistance in the investigation and prosecution of another person. We conclude that the extent of reduction was unreasonable, and we therefore remand for resentencing.

Lori Lynn Coyle pled guilty to conspiracy to distribute methamphetamine. A presentence investigation report, to which Coyle did not object, recommended a sentencing range of 135 to 168 months' imprisonment under the then-mandatory sentencing guidelines. The applicable statutory minimum term was 120 months. 21

U.S.C. § 841(b)(1)(A). At sentencing, the government filed substantial-assistance motions pursuant to both USSG § 5K1.1, which authorized the court to depart downward from the applicable guideline range, and 18 U.S.C. § 3553(e), which permitted the court to sentence below the statutory minimum.

At a sentencing hearing, the government detailed Coyle's cooperation with authorities, which included a "proffer" of information, participation in two controlled purchases of methamphetamine from a suspect, and testimony before a grand jury regarding those purchases, which led to an indictment of the suspect. The government indicated that "we didn't have any concerns about her truthfulness" and that "[s]he came clean," and "did pretty much everything she was asked to do." (S. Tr. at 5). The government also reported that there were threats made to Coyle's family members that apparently arose out of Coyle's cooperation with the government. The prosecutor explained that Coyle "came in sort of at the tail end" of an investigation, and that "a lot of the people that she had information about had been done before." (S. Tr. 18). Based on this report, the government recommended a reduction of 15 percent, which would have placed her within the sentencing range two offense levels below the range that was otherwise applicable under the guidelines.

In support of her contention that a greater departure was warranted, Coyle testified that she had given names, phone numbers, license plate numbers, and other information about drug sources to police. She also detailed attempted purchases that she was not able to complete. In addition, Coyle's daughter testified that she had received phone calls identifying her mother as a "snitch" and threatening harm to Coyle. Coyle's counsel argued for a reduction of 50 percent from the bottom of the applicable guideline range of 135 to 168 months, or a total term of about 62 months.

The court granted both of the government's substantial-assistance motions, and advised Coyle that "based on my evaluation of the substantial assistance you've

provided using the five factors set forth in United States Sentencing Guideline 5K1.1, I am going to reduce your sentence to 36 months." (S. Tr. at 24). The government appeals the extent of the reduction.

In three opinions filed earlier this year, and in another opinion filed today, we have described the standards applicable to our review of a district court's decision to reduce a sentence based on substantial assistance. *See United States v. Saenz,* No. 04-2673 (8th Cir. Nov. 17, 2005); *United States v. Dalton*, 404 F.3d 1029 (8th Cir. 2005); *United States v. Haack*, 403 F.3d 997 (8th Cir. 2005); *United States v. Pizano,* 403 F.3d 991 (8th Cir. 2005). We review the extent of a reduction to determine whether it is "reasonable," under an abuse of discretion standard. *E.g.*, *Dalton*, 404 F.3d at 1032.

"An extraordinary reduction must be supported by extraordinary circumstances." *Id.* at 1033. The district court's reduction of 75 percent and 12 offense levels in *Dalton* was viewed as "extraordinary," and we reach the same conclusion regarding the reduction of 73 percent and 14 offense levels in this case, which the district court itself characterized as "a whopping reduction." (S. Tr. at 27). We must consider, therefore, whether the district court's decision is supported by extraordinary circumstances that could reasonably justify such a reduction.

We are hampered to some extent by the limited record of the district court's reasoning in making such a large reduction. It is evident, however, that Ms. Coyle did provide assistance that could justify a reduction that is more than minimal. She worked undercover by making controlled purchases, served as a primary witness against one defendant, and experienced threats to her and her family as a result of assisting the government. These factors are among those we have used to illustrate the type of assistance that may support an increased reduction. *See Dalton*, 404 F.3d at 1033; *Haack*, 403 F.3d at 1005; *Saenz*, No. 04-2673, slip op. at 6. We thus believe

the district court acted reasonably in exceeding the government's recommended reduction of less than two full offense levels.

It is another question, however, whether an extraordinary reduction of the magnitude involved here can be characterized as reasonable. The district court did not merely reduce the sentence by, say, 30 or 40 percent, but 73 percent. This equated to a reduction of not, say, four or six offense levels, but 14 levels. It seems to us that a reduction of this degree must be reserved for cooperating defendants who provide assistance that is much more extensive and significant than what Coyle offered. There undoubtedly are defendants who provide long-term undercover assistance that is greater than the two controlled transactions involved here, who assist with the investigation of multi-member conspiracies rather than the single defendant prosecuted in this matter, whose cooperation results in the apprehension of particularly dangerous offenders or "kingpins," and who suffer a more tangible risk of injury or actual harm as a result of their cooperation with the government. *Cf. Pizano*, 403 F.3d at 995-96. We are loathe to conclude, as we would by upholding as reasonable the departure in this case, that defendants offering a greater degree of assistance must receive reductions in the range of 80 to 100 percent in order to avoid unwarranted sentence disparities. There is a good deal of room between the government's modest recommendation and the district court's generous departure to recognize this defendant's assistance without at the same time skewing the degree of reduction that must be granted to future defendants whose performance on the continuum of substantial assistance deserves more credit than Coyle's.

For the foregoing reasons, we conclude that the extent of reduction granted to Ms. Coyle was unreasonably large, and we therefore vacate the judgment of the district court and remand for resentencing.

_____