# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2810

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Cory Bradley, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: December 15, 2006
Filed: January 11, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Cory Bradley was convicted by a jury of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and the district court[1] sentenced him to ninety four months imprisonment. Bradley appeals, arguing that there was insufficient evidence to support his conviction because the government did not prove that he knowingly possessed a firearm within the meaning of 18 U.S.C. § 922(g).

_____

[1]The Honorable Henry Autrey, United States District Judge for the Eastern District of Missouri.

On August 29, 2004, St. Louis County police officer Chris Ormerod observed a vehicle driving without headlights. Ormerod stopped the vehicle and spoke with the driver, Samella Hogan, and discovered she was driving with only a learner's permit. He then asked Bradley, who was sitting in the passenger seat, if he had a driver license because Hogan was only permitted to drive if she was accompanied by a licensed driver. Bradley replied that he did not have any identification.

Ormerod asked Hogan to step outside the car. While Ormerod was speaking with her, he noticed Bradley lean down and touch the floorboard of the vehicle. Another officer arrived at the scene and stayed near the rear of the vehicle while Ormerod went over to the passenger side to speak with Bradley. Ormerod asked Bradley to get out of the car because he thought he had been trying to hide something. Ormerod asked Bradley whether he was carrying anything illegal. Bradley replied, "I have nothing on me – go ahead and check." Ormerod patted him down, and felt a small plastic bag in his front pants pocket. When he saw Bradley looking over his right shoulder toward the floorboard of the car, Ormerod shined his flashlight on the floorboard and saw the handle of a gun. Ormerod attempted to handcuff Bradley so he could investigate the situation safely, but Bradley pushed him and adopted a fighting stance. Ormerod then grabbed his right wrist, but Bradley resisted and tried to break away. Ormerod told him he was placing him under arrest for assaulting a police officer, and Bradley escaped and fled on foot. The officers ran after him, and Ormerod used a taser to stop him.

After Bradley was placed under arrest, Ormerod returned to the car and seized a fully loaded .38 caliber revolver from under the passenger seat where Bradley had been sitting. A background check from the police vehicle revealed Bradley had two outstanding warrants, and a search incident to Bradley's arrest found marijuana and crack cocaine in his front pants pocket inside a plastic bag. It was later discovered that Bradley had previously been convicted of a felony.

Bradley was indicted on one count of being a felon in possession of a firearm and eventually decided to proceed pro se at trial after the district court declined to appoint a fourth lawyer to represent him, having already removed three prior attorneys at his request. Standby counsel was appointed, and during trial Bradley crossexamined the government's witnesses. In his opening statement and closing argument Bradley told the jury that the government did not prove he knowingly possessed the handgun. The jury found him guilty, however.

On appeal Bradley challenges the sufficiency of the evidence. He argues that the government did not prove that he knowingly possessed the firearm by failing to demonstrate either actual or constructive possession of it. Given the jury verdict in favor of the government, we must draw all reasonable inferences from the evidence in the light most favorable to the prosecution. United States v. Davis, 449 F.3d 842, 845 (8th Cir. 2006). We will only reverse if no reasonable jury could have found the defendant guilty. United States v. Brave Thunder, 445 F.3d 1062, 1064 (8th Cir. 2006).

The government was required to prove that Bradley had been previously convicted of a crime punishable by imprisonment of more than one year, that he knowingly possessed a firearm, and that the firearm had been in or affected interstate commerce. See United States v. Brown, 422 F.3d 689, 691-92 (8th Cir. 2005). On appeal Bradley only challenges the second element. The government can prove that Bradley knowingly possessed the firearm by showing that he had actual or constructive possession of it. Id. at 692. Constructive possession can be established by showing ownership, dominion, or control over the gun. United States v. Davis, 449 F.3d 842, 846 (8th Cir. 2006). Constructive possession may be based on circumstantial evidence which is "intrinsically as probative as direct evidence." United States v. Patterson, 886 F.2d 217, 219 (8th Cir. 1989) (per curiam) (quoting United States v. Holm, 836 F.2d 1119, 1124-25 (8th Cir. 1988)).

Bradley argues that the government did not prove he had constructive possession of the firearm because he did not have dominion or control over the vehicle driven by Hogan and because access and close proximity to a firearm are insufficient to demonstrate constructive possession. See United States v. Cruz, 285 F.3d 692, 697 (8th Cir. 2002). He points out that the officers did not find any of his personal items in the car, that the government did not demonstrate that he owned the car, and that he was not the driver of the vehicle.

Although mere physical proximity is insufficient to establish constructive possession, the jury could find that Bradley had control over the firearm since it was seized from a location immediately below his seat where it was found protruding from underneath in plain view. See United States v. Johnson, 18 F.3d 641, 647-48 (8th Cir. 1994) (finding passenger controlled a firearm when gun protruded from bag within two feet of him). Ormerod testified that Bradley's repeated movements to reach down or check the area where the firearm was found suggested he was attempting to hide it. See United States v. Maloney, 466 F.3d 663, 667 (8th Cir. 2006). The gun was fully loaded, and Bradley resisted Ormerod and attempted to flee the scene, only being taken into custody with the assistance of a taser. See United States v. Walker, 393 F.3d 842, 846-47 (8th Cir. 2005) (body movements that appeared to be an attempt to hide a weapon and fleeing the scene support an inference of constructive possession). We conclude the evidence presented by the government was sufficient to support the jury's verdict that Bradley had constructive possession of the gun.

Accordingly we affirm the judgment of the district court.

_____