# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1913

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| John M. Jenners, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: October 16, 2006
Filed: January 17, 2007

———————

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

———————

SMITH, Circuit Judge.

John Jenners pleaded guilty to conspiracy to commit bank fraud, counterfeiting, and aiding and abetting counterfeiting, in violation of 18 U.S.C. §§ 1344, 474, and 2. The district court sentenced Jenners to 108 months' imprisonment. Jenners did not appeal. However, the district court subsequently granted Jenners habeas relief on his claim of ineffective assistance of counsel because counsel failed to file a requested appeal. The district court resentenced Jenners so that a timely appeal could be filed. Upon resentencing, Jenners received the same sentence and now appeals, challenging the sentence as unreasonable. For the reasons set forth below, we vacate Jenners's sentence and remand the case for resentencing.

## I. *Background*

As part of a plea agreement, Jenners pleaded guilty to two counts of a 26-count indictment—Count 1, conspiracy to commit bank fraud, and Count 25, counterfeiting and aiding and abetting counterfeiting. In exchange for the guilty pleas, the remaining 24 counts of the indictment were dismissed. The court accepted the pleas, and the probation office prepared a presentence investigation report ("PSR"). The PSR recommended the applicable Guidelines sentencing range to be 63 to 78 months.

Shortly after the PSR was prepared, the Supreme Court issued its *Blakely*[1] decision. Jenners timely objected to the factual allegations set forth in 28 different paragraphs of the PSR, including several paragraphs in the "Pending Charges" section and the paragraphs discussing possible sentence enhancements.[2] Additionally, Jenners contended that, under *Blakely*, the potential sentence enhancements were improper because they had not been presented to a jury and had not been found beyond a reasonable doubt. In light of this *Blakely* objection, the PSR was amended, and the Guidelines range was recalculated to 24 to 30 months.

The district court sentenced Jenners after *Blakely* but before the Supreme Court's *Booker*[3] decision. During this time, the district court treated the Guidelines as advisory. The court determined that, under the mandatory Guidelines regime, Jenners would have had a criminal history category of V and a total offense level of 20. The court then stated that if it were sentencing Jenners under the mandatory Guidelines, it would have upwardly departed to increase Jenners's criminal history category to VI because it believed Jenners's "extensive criminal record" put him "far beyond a criminal history of V."

---

[1]*Blakely v. Washington*, 542 U.S. 296 (2004).

[2]One of the possible enhancements was based on the pending charges Jenners had objected to.

[3]*United States v. Booker*, 543 U.S. 220 (2005).

The court, however, declared that it was not sentencing Jenners under the Guidelines. The court subsequently reviewed Jenners's criminal background as described in the PSR, including paragraphs that Jenners had objected to that mentioned charges pending against him. Jenners's attorney then interjected:

> I'm not sure how the presentence report and the objections apply now that the guidelines are really not in play, but I have objected to a lot of the things the Court went through here. And, so, I don't know if the Court is making findings that those things are actually true, or –

The court responded:

> No, I'm just going through what's in the presentence report. I think I'm obligated to state the reason for any sentence. I'm not making findings as to those matters. I'm just stating what's in the presentence report. I realize that you have made objections to those. But if the sentencing guidelines are unconstitutional I'm not required to make any findings of that kind.

The court ultimately sentenced Jenners to 108 months' imprisonment followed by five years of supervised release.

No appeal was filed on Jenners's behalf, but Jenners filed a successful motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court found that Jenners received ineffective assistance of counsel because, although he requested an appeal, no appeal was filed on his behalf. The court granted the motion and ordered Jenners to be resentenced. At the resentencing hearing, Jenners sought to admit evidence of his rehabilitation while incarcerated, as well as mitigating evidence as to his background. Jenners urged the court to consider the evidence and impose a lesser sentence than previously imposed. The court refused to allow the mitigating evidence.

Before resentencing Jenners, the court again recounted Jenners's criminal history as detailed in the PSR, including the objected to pending charges. The court then resentenced Jenners, again imposing a 108-month sentence. In doing so, the court reinstated its prior rulings and incorporated the record of the initial sentencing hearing.

## II. *Discussion*

Jenners argues that the district court erred by sentencing him without consulting and properly taking into account the Guidelines. Jenners notes that the court relied on factual allegations contained in the PSR that had been objected to, without making appropriate factual findings based upon the evidence. Additionally, Jenners asserts that the court erroneously excluded his mitigation evidence at resentencing.

### A. *Objections to the PSR*

A PSR is not evidence. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). But, "[a] sentencing court may accept the facts in a PSR as true *unless* the defendant objects to specific factual allegations." *United States v. Wintermute*, 443 F.3d 993, 1005 (8th Cir. 2006) (emphasis added). However, "[i]f the defendant objects to any of the factual allegations contained [in the PSR] on an issue on which the government has the burden of proof, such as . . . any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts." *Poor Bear*, 359 F.3d at 1041. Unless the disputed facts have been proven by a preponderance of the evidence, the district court cannot rely on them at sentencing. *Id.* (citing *United States v. Hammer*, 3 F.3d 266, 272 (8th Cir. 1993)). Otherwise, the sentence is in error and must be vacated and remanded for resentencing. *Wintermute*, 443 F.3d at 1005.

Here, Jenners objected to multiple factual allegations in the PSR, including objections to the allegations of pending charges and possible sentence enhancements. The PSR noted that Jenners's pending charges were factors that could warrant an

upward departure under § 4A1.3(a)(2)(D) & (E) of the Guidelines. The government did not present any evidence at sentencing as to the pending charges, or any other disputed facts, nor were any findings made by the court as to the disputed facts.

At both the original sentencing and the resentencing, the court went through Jenners's criminal history, on the record, as detailed in the PSR. Despite Jenners's objections to the factual allegations in the PSR, the court never received any evidence on those issues or made any factual findings on the objections. When asked by Jenners's counsel about the objections to the PSR, the court said, "I'm just going through what's in the presentence report. I think I'm obligated to state *the reason for any sentence*. I'm not making findings as to those matters. I'm just stating what's in the presentence report." (emphasis added).

By including the disputed factual allegations in its "reason" for Jenners's sentence, the court appears to have relied on, at least in part, the disputed facts in determining the sentence. Therefore, in accordance with *Wintermute* and *Poor Bear*, the sentence should be vacated and remanded for resentencing. Because of the general nature in which Jenners raised his factual objections, the government may offer substantiating evidence on remand. *See Wintermute*, 443 F.3d at 1005; *United States v. Sorrells*, 432 F.3d 836, 838 (8th Cir. 2005).

B. *Mitigating Evidence*

Jenners also contends that the court erred by not allowing him to present mitigation evidence at his resentencing. Generally, unless an appellate court has imposed limitations on the sentencing court's function at resentencing, "[o]nce a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing." *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992). However, a defendant is not entitled to a de novo resentencing when the "defendant has been unconstitutionally deprived of

appellate review due to ineffective assistance of counsel." *United States v. Prado*, 204 F.3d 843, 845 (8th Cir. 2000). In that situation, "the prescribed procedure is for the district court to vacate the sentence and then reimpose it, allowing the defendant ten days to appeal from the imposition of the new sentence." *Id.* Because Jenners's case was remanded for resentencing solely because he had been unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the district court did not err in refusing to allow the mitigation evidence at resentencing. *Id.*

In contrast, we are now remanding Jenners's case for resentencing, not due to the constitutional deprivation of appellate review claim, but because of a sentencing error. On remand, the district court may now hear any relevant evidence that it could have heard at the first sentencing hearing, including the potentially mitigating evidence Jenners seeks to adduce. *See Cornelius*, 968 F.2d at 705. However, evidence of Jenners's post-sentencing rehabilitation is not relevant and will not be permitted at resentencing because the district court could not have considered that evidence at the time of the original sentencing. *United States v. Sims*, 174 F.3d 911, 913 (8th Cir. 1999) ("Rehabilitation that takes place behind the prison walls after the original sentencing . . . is not relevant [at resentencing], since the sentencing court obviously could not have considered it at the time of the original sentencing.").

### III. *Conclusion*

For the foregoing reasons, we vacate Jenners's sentence and remand for resentencing in accordance with this ruling.

_____