# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-2296/2525

_____

United States of America,       *
                             *

    Appellee/Cross-Appellant,   *

                                 *   Appeals from the United States

v.                           *   District Court for the

                                 *   Northern District of Iowa.

Lori Lynn Coyle,          *

                                 *

    Appellant/Cross- Appellee.  *

_____

Submitted: March 13, 2007
Filed:  October 29, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Lori Lynn Coyle pled guilty to conspiracy to distribute methamphetamine and agreed to cooperate with the government. The applicable statutory minimum sentence for her offense was 120 months' imprisonment. The advisory sentencing range under the United States Sentencing Guidelines, before any departure, was 135 to 168 months' imprisonment. Based on Coyle's provision of substantial assistance in the investigation and prosecution of another person or persons, the government moved to reduce her sentence pursuant to both USSG § 5K1.1 and 18 U.S.C. § 3553(e).

In March 2004, the district court granted the motions and reduced Coyle's sentence to 36 months' imprisonment. The government appealed, and we reversed, holding that the extent of the sentence reduction was unreasonable. *United States v. Coyle*, 429 F.3d 1192, 1193-94 (8th Cir. 2005). In that decision, we applied circuit precedent from *United States v. Dalton*, 404 F.3d 1029 (8th Cir. 2005) (*Dalton I*), that "[a]n extraordinary reduction must be supported by extraordinary circumstances." *Id*. at 1033. We observed that *Dalton I* said a reduction of the defendant's sentence by 75% and 12 offense levels was "extraordinary," and we reached the same conclusion regarding the district court's reduction of Coyle's sentence by 73% and 14 offense levels. *Coyle*, 429 F.3d at 1193. Noting that "[t]here is a good deal of room between the government's modest recommendation and the district court's generous departure to recognize this defendant's assistance," we remanded for resentencing. *Id*. at 1194.

On remand, the district court expressed disagreement with this court's decisions concerning the extent of reductions or departures based on substantial assistance. In particular, the court took issue with suggestions in *Dalton I* and *United States v. Saenz*, 428 F.3d 1159 (8th Cir. 2005), that a 50% reduction in sentence should be considered an "extraordinary reduction" that requires "extraordinary circumstances" to justify it. In the district court's view, statistics published by the United States Sentencing Commission demonstrated that a 50% reduction in sentence for substantial assistance was "ordinary" as an empirical matter, and that no extraordinary circumstances should be required to justify that degree of reduction.

At Coyle's resentencing, the district court granted her a 50% reduction for substantial assistance, finding that her assistance was "extraordinary" within the meaning of our cases, but "not so extraordinary" as to justify the 73% reduction. The district court characterized its decision on remand as a "conditional sentencing," so that Coyle could "appeal the sentence and try to give me more discretion to go back up to the original 73 percent." (S. Tr. at 38).

In addition to a 50% reduction based on substantial assistance, the district court varied from the advisory guidelines based on Coyle's post-offense rehabilitation. Starting from an advisory guideline sentence of 135 months' imprisonment, the court reduced that sentence by half, to 67.5 months, based on Coyle's substantial assistance. The court then reduced the sentence by another 20%, or 13.5 months, to a final sentence of 54 months, based on post-offense rehabilitation.

Coyle appeals the sentence, arguing that this court should reconsider its previous decision in light of the district court's statistical analysis, and authorize a substantial-assistance reduction of 73% and 14 offense levels. The government cross-appeals, arguing that the district court was not authorized to reduce Coyle's sentence by 13.5 months based on post-offense rehabilitation.

We decline to alter our previous holding that a substantial-assistance reduction from 135 months' to 36 months' imprisonment was unreasonable. As the en banc court recently explained in *United States v. Burns*, No. 04-2901, 2007 WL 2409866 (8th Cir. Aug. 27, 2007) (en banc), our use of the phrase "extraordinary reduction" in previous substantial-assistance cases was not designed to invite an empirical inquiry into the degree to which district judges around the country have reduced guideline sentences based on the provision of substantial assistance. Rather, we have adopted a proportionality principle, under which the degree of reduction should be justified by "circumstances of a strength proportional to the extent of the deviation from reductions envisioned by the guidelines's structure." *Id*. at *4. Thus, the en banc court has rejected the district court's criticism of our prior panel decisions, and we likewise reject Coyle's contention that we should revisit our holding that the district court abused its discretion in the original sentencing.

The government asserts in its cross-appeal that the district court's decision to reduce Coyle's sentence to 54 months' imprisonment was an abuse of discretion. The government does not challenge the reduction from 135 months to 67.5 months, based

on Coyle's substantial assistance, but contends that the court was prohibited from relying on Coyle's post-offense rehabilitation, or any other factor beyond assistance to law enforcement, to justify the final sentence of 54 months.

We do not think the district court was prohibited altogether from considering factors other than substantial assistance in fashioning Coyle's sentence. When a defendant is subject to a statutory minimum sentence, and the government moves to reduce the sentence based on substantial assistance pursuant to 18 U.S.C. § 3553(e), then the court may consider only the defendant's assistance in making a reduction below the statutory minimum. *United States v. Williams*, 474 F.3d 1130, 1131-32 (8th Cir. 2007); *United States v. Dalton*, 478 F.3d 879, 881 (8th Cir. 2007) (*Dalton II*). In both *Williams* and *Dalton II*, the low end of the defendant's advisory guideline sentence was equal to the statutory minimum, and we held that the court was limited to assistance-related considerations in making a reduction below that level when it was authorized to do so by the government's substantial-assistance motion. In this case, however, the low end of Coyle's advisory guideline range is 135 months' imprisonment, and there is a range of 15 months between the bottom of the advisory range and the statutory minimum of 120 months' imprisonment. Setting aside the possibility of a reduction for substantial assistance, a district court in the circumstances of Coyle's case has authority under *United States v. Booker*, 543 U.S. 220 (2005), to consider whether a sentence below 135 months' imprisonment, but at or above 120 months, is warranted based on the factors set forth in 18 U.S.C. § 3553(a).

To be sure, we have said that a post-*Booker* sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then deciding whether any traditional guideline departures are warranted, and finally considering the possibility of varying from the guideline sentence based on the factors in § 3553(a). *See United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). *Dicta* in *Dalton II* suggested that the "last step" in this sequence

– consideration of the § 3553(a) factors – is "eliminated" if a traditional guidelines departure takes the sentence down to a statutory minimum sentence. 478 F.3d at 881. But *Dalton II*, like *Williams*, involved an advisory guideline range that equaled the statutory minimum, so the court had no occasion to consider the situation presented by Coyle, where the advisory sentence (before departures) exceeds the statutory minimum. The result in *Dalton II* was dictated by the text of § 3553(e) and the holding in *Williams*, without regard to the order in which the district court may have considered § 3553(a) and § 3553(e).

We see nothing in *Booker* or the relevant statutes that prevents a district court in this situation from relying to some degree on both § 3553(a) and § 3553(e) to fashion an appropriate sentence. The text of § 3553(e) prohibits a district court from relying on factors other than assistance as a basis for sentencing *below* the statutory minimum. *Williams*, 474 F.3d at 1131-32. But here, the district court had some flexibility *above* the statutory minimum to determine Coyle's sentence in accordance with the factors in § 3553(a).

The sequential ordering process that we have developed after *Booker* is not dictated directly by *Booker* or any statute. It was fashioned by our court to maintain the distinction between sentencing "departures" and "variances," and to facilitate meaningful appellate review. *See United States v. Solis-Bermudez*, No. 06-3548, 2007 WL 2669434, at *2 (8th Cir. Sept. 13, 2007). It helps to foster compliance with *Booker* by ensuring that the district court properly considers the advisory guideline sentence, which remains an important factor that a district court must "consider" and "take into account." *Booker*, 543 U.S. at 259, 264; *Haack*, 403 F.3d at 1003. But a rigid ordering in this case more likely would frustrate the objectives of *Booker* and the Sentencing Reform Act. And allowing the district court leeway to consider both § 3553(a) and § 3553(e) would neither eliminate the distinction between departures and variances nor frustrate appellate review, if the court makes a clear record concerning the basis for arriving at the final sentence.

A defendant with Coyle's advisory guideline range who does *not* provide substantial assistance is eligible for a sentence between 120 and 135 months' imprisonment, so long as the ultimate sentence is "reasonable" with regard to § 3553(a). To foreclose a district court from exercising the same discretion when a defendant provides substantial assistance would create tension with the requirement of *Booker* that a sentence above a statutory minimum be governed by § 3553(a) as a whole, not only by the sentencing guidelines. In addition, if the district court is forbidden to give comparable consideration to § 3553(a) because a defendant has provided substantial assistance, then there would develop an unwarranted disparity between similarly-situated defendants. Whereas the non-cooperating defendant's sentence could be as low as 120 months' imprisonment, the cooperating defendant's effective sentence (excluding credit for assistance) would be 135 months' imprisonment – the bottom of the advisory guideline range. And if the non-cooperating defendant provided substantial assistance *after* sentencing, then the disparity would be presented starkly. The non-cooperating defendant could be sentenced to 120 months' imprisonment based on § 3553(a), but then could receive a reduction for substantial assistance pursuant to Federal Rule of Criminal Procedure 35(e) from a starting point of 120 months. The cooperating defendant, who provided substantial assistance *before* sentencing, would be deprived of a potential variance from 135 to 120 months based on § 3553(a), and would receive a reduction for substantial assistance from a higher starting point of 135 months.

The law does not require this result. If a defendant in Coyle's situation would have been sentenced to 120 months' imprisonment without her assistance to law enforcement, then neither § 3553(e) nor *Booker* prevents the district court from calculating a reduction for substantial assistance from a starting point of 120 months, rather than 135 months. So long as the starting point is reasonable with regard to § 3553(a), and any reduction below the statutory minimum is based on substantial assistance and appropriately proportional, *see Burns*, 2007 WL 2409866, at *4; *Williams*, 474 F.3d at 1131-32, then the sentence would be in accordance with law.

In this case, however, the government rightly observes that the district court relied on an impermissible factor when it applied § 3553(a). We held in *United States v. Jenners*, 473 F.3d 894 (8th Cir. 2007), that evidence of "post-sentencing rehabilitation" is "not relevant" and should "not be permitted at resentencing," because the district court "could not have considered that evidence at the time of the original sentencing." *Id.* at 899; *see also United States v. McMannus*, 496 F.3d 846, 851 (8th Cir. 2007). The record shows that the district court relied largely on Coyle's post-sentencing rehabilitation in justifying 13.5 months of the total reduction from the advisory guideline range. (Resentencing Tr. 42-43). That was impermissible under *Jenners* and *McMannus*. It appears that the court also relied to some extent on actions taken by Coyle after her offense but before her first sentencing, (*id.* at 43; S. Tr. 20), but we cannot be confident the sentence would have been the same if the court had excluded evidence of post-*sentencing* conduct in accordance with *Jenners*. And the court's discussion of post-offense, pre-sentencing activity is not sufficient for us to determine whether a variance on that basis would be reasonable, particularly given that "[e]ven in cases where a rehabilitation is 'dramatic and hopefully permanent' a district court cannot place too much emphasis on that fact." *United States v. Robinson*, 454 F.3d 839, 842-43 (8th Cir. 2006); *see United States v. Grinbergs*, 470 F.3d 758, 761-62 (8th Cir. 2006), *petition for cert. filed* (U.S. Mar. 8, 2007) (No. 06-10045). Accordingly, we conclude that the sentence must be vacated and the case remanded for resentencing in accordance with this opinion.

_____