# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 08-2043

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Northern District of Iowa. |
| Donald "Baby D" Smith, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: September 23, 2008
Filed: October 6, 2008

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

A jury convicted Donald Gregory Smith, Jr., of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] imposed a 100-month sentence. Smith appeals, claiming insufficiency of evidence and sentencing error. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Conviction under 18 U.S.C. § 922(g)(1) requires that the defendant "had been previously convicted of a crime punishable by imprisonment of more than one year, that he knowingly possessed a firearm, and that the firearm had been in or affected interstate commerce." *United States v. Bradley*, 473 F.3d 866, 867 (8th Cir. 2007). Smith stipulated that he was a felon and that the weapon traveled in interstate commerce; the only issue is possession. Three government witnesses testified that Smith possessed a Norico SKS rifle. Two other witnesses stated that Smith admitted possessing the rifle. In a taped interview, Smith acknowledged being present where witnesses placed him. This court "will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." *United States v. Garcia-Hernandez*, 530 F.3d 657, 661 (8th Cir. 2008). While Smith attacks the credibility of the government witnesses, "[i]t is the task of the jury to evaluate a witness's credibility; attacks on the sufficiency of the evidence based on the witnesses' credibility are rarely an appropriate ground for reversal." *United States v. Mitchell*, 528 F.3d 1034, 1041 (8th Cir. 2008). Although the jury acquitted Smith of two related counts of possessing weapons, a jury may rationally convict on one count while acquitting on others. Sufficient evidence supports the conviction for possessing the Norico SKS rifle.

Smith also argues that the district court erred by not granting a downward variance. Determining the Guideline range to be 100-to-125 months, the court imposed a 100-month sentence, followed by three years of supervised release. Smith does not assert that the court miscalculated the range or impermissibly treated it as presumptively reasonable. Rather, he contends that the court failed to give appropriate weight to his troubled childhood, drug addiction, responsibility for minor children, and need for education; he also requests a lower sentence due to the nature and circumstances of the offense and the need to avoid unwarranted sentence disparities. This court reviews the district court's sentence for abuse of discretion. *United States v. Gall*, --- U.S. ----, 128 S. Ct. 586, 591 (2007); *United States v. Shy*, 538 F.3d 933, 937 (8th Cir. 2008), *citing Gall*, *supra*. At sentencing, the court

listened to Smith's arguments and considered each of the 18 U.S.C. § 3553(a) factors. The district court did not abuse its discretion when sentencing Smith.

The judgment is affirmed.

_____