# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 08-3281

————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Sidney Byas, | * | |
| | * | |
| Appellant. | * | |

————

Submitted: April 14, 2009
Filed: September 16, 2009

————

Before LOKEN, Chief Judge, and COLLOTON, Circuit Judge, and ROSENBAUM,[1] District Judge.

————

ROSENBAUM, District Judge

Sidney Byas appeals the sentence imposed by the district court.[2] We affirm.

---

[1] The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

[2] The Honorable Henry E. Autrey, United States District Court for the Eastern District of Missouri.

I. Background

On July 6, 2007, St. Louis police observed a car driving in violation of traffic laws. The vehicle was directed to the side of the road. The car carried a driver and two passengers, one of whom was appellant, Sidney Byas. The police ordered the occupants from the car. When he stepped from the car, Byas carried a loaded, stolen, .380-caliber semi-automatic pistol in his waistband. In the passenger compartment, the officers found two masks, a hat, three large sweatshirts, and a knife. The trunk contained a loaded assault rifle. Later investigation revealed Byas had a felony conviction.

Byas was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment alleged Byas "did knowingly possess one or more firearms." On June 12, 2008, Byas pleaded guilty to the charge. The plea agreement's stipulation of facts alluded only to the pistol, although the plea agreement also stated "one of the firearms defendant possessed was stolen."

The presentence investigation report ("PSR") calculated Byas's offense level at 20, with levels given for both the pistol and the rifle. Byas objected, claiming he pleaded guilty "only to the knowing possession of the pistol he had on his person when he was arrested."

Byas renewed his objection at sentencing on September 4, 2008. The district court overruled the objection, finding Byas responsible for possession of the rifle. The assault rifle was capable of accepting a large-capacity magazine, increasing Byas's base offense level to 20 under Sentencing Guideline § 2K2.1(a)(4)(B). These facts

yielded a 46-57 month presumptive Guideline sentence. The district court sentenced Byas to 48 months' imprisonment, followed by two years' supervised release.

Byas appeals. We therefore consider whether the district court properly found Byas possessed the rifle, which increased the base offense level to 20.

II. Analysis

We review the district court's factual findings for clear error, and its interpretation and application of the guidelines, de novo. United States v. Lyons, 556 F.3d 703, 706-07 (8th Cir. 2009). The actual sentence imposed is reviewed for abuse of discretion. United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008).

Byas argues the district court committed clear error in finding he possessed the rifle. "We reverse the district court's findings only if we have a definite and firm conviction that a mistake has been made." Id. at 1005 (internal quotation omitted). A district court's "choice between two permissible views of the evidence is not clearly erroneous." Id. at 1006.

At sentencing, the evidence consisted of the factual basis of defendant's plea agreement and those portions of the PSR to which defendant did not object. Clearly, a presentence investigation report is not, itself, evidence. United States v. Jenners, 473 F.3d 894, 897 (8th Cir. 2007). But the district court "may accept the facts in a PSR as true unless the defendant objects to specific factual allegations." Id. (emphasis omitted). If the defendant objects, the government must present evidence at sentencing as to any disputed fact upon which it has the burden of proof. Id. at 897-98; United States v. Poor Bear, 359 F.3d 1038, 1041 (8th Cir. 2004). The district court may only rely on facts established by a preponderance of the evidence. See Poor Bear, 359 F.3d at 1041.

Byas does not challenge the semi-automatic rifle's ability to accept a large capacity magazine. Nor does he deny it was found in the trunk of the car in which he and others were riding. He acknowledges the masks, hat, three large sweatshirts, and knife in the car's passenger compartment, as well as the loaded pistol in his waistband.

He objects, however, to the court's inferring from these facts that he knowingly possessed the rifle in the trunk. He argues the government was required to prove he knew the rifle was there.

A conviction under 18 U.S.C. § 922(g) "may be based on constructive or joint possession" of a firearm. United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993). The government may prove Byas knowingly possessed the rifle by showing he either actually or constructively possessed it. See United States v. Bradley, 473 F.3d 866, 867 (8th Cir. 2007). Constructive possession may be established by circumstantial evidence "showing ownership, dominion, or control" over a gun. Id. Further, it is axiomatic, that knowing possession may be sole, or joint. See United States v. Piwowar, 492 F.3d 953, 955 (8th Cir. 2007). The government, of course, must show a "sufficient nexus between the defendant and the firearm." United States v. Evans, 431 F.3d 342, 345 (8th Cir. 2005). While "mere physical proximity is insufficient to establish constructive possession," the factfinder may infer defendant had control of the firearm based on all the circumstances. Bradley, 473 F.3d at 868.

Applying these principles, we find the district court's inference of a sufficient nexus between the defendant and the firearm was not clearly erroneous. Byas and his two companions drove together with a gun and knife in the passenger compartment, as well other material. From these facts a factfinder could, and in this case properly did, draw the reasonable inference that defendant and his companions knew the loaded rifle was in the trunk.

Accordingly, the district court properly set the defendant's base offense level at 20.

III. Conclusion

The district court properly attributed the rifle to Byas. The offense level was properly calculated, and the sentence imposed was reasonable. We affirm.

_____