# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1583
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Debarge Devers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: September 20, 2013
Filed: September 23, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jason Devers appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of being a felon in possession of a firearm, in violation of 18

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

U.S.C. §§ 922(g)(1) and 924(a)(2). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing primarily that the evidence was insufficient to support the verdict; and Devers has filed pro se supplemental briefs raising various points. For the reasons that follow, we affirm.

First, we reject the challenge to the sufficiency of the evidence that Devers possessed the gun. As relevant, the trial included the testimony of two police officers who were dispatched to an Omaha residence after the city's Shot Spotter system indicated that approximately four shots had been fired there. The officers testified that, having obtained permission to search, they found Devers in the basement of the residence, a firearm near him under a couch cushion, and spent shell casings from the firearm in the back yard; and that Devers initially lied about his identity because he had outstanding warrants, and was observed reaching in the direction where the firearm was eventually found. Viewed in the light most favorable to the government, this evidence was sufficient to support the verdict. See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (standard of review); United States v. Brown, 422 F.3d 689, 691-92 (8th Cir. 2005) (elements of felon-in-possession offense); see also United States v. Bradley, 473 F.3d 866, 868 (8th Cir. 2007) (while mere physical proximity is insufficient to establish constructive possession of firearm found in vehicle driven by another, factfinder may infer defendant had control of it based on totality of circumstances, which included defendant's movements indicative of reaching to check on or hide firearm); United States v. Sianis, 275 F.3d 731, 733-34 (8th Cir. 2002) (constructive possession is established where defendant has dominion over premises where firearm is located, or has control, ownership, or dominion over firearm itself; possession need not be exclusive).

We reject Devers's other arguments. In particular, we find no merit to the argument that the indictment should have been dismissed for a Speedy Trial Act violation, see United States v. Villarreal, 707 F.3d 942, 953 (8th Cir. 2013) (under Act, trial must commence within 70 days of indictment or initial appearance unless

-2-

running of time is stopped for reasons set out in statute), or dismissed sua sponte under Federal Rule of Criminal Procedure 48(b) for pre-indictment or pre-trial delay, see United States v. Gladney, 474 F.3d 1027, 1030 (8th Cir. 2007) (defendant must establish delay resulted in actual and substantial prejudice). We further find no violation of the Second Amendment, see United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011), cert. denied, 132 S. Ct. 1159 (2012), and no abuse of discretion in the exclusion of an affidavit offered by Devers, see Fed. R. Evid. 802 (hearsay inadmissible absent exception); United States v. Two Elk, 536 F.3d 890, 900 (8th Cir. 2008) (standard of review). We do not reach any ineffective-assistance claim, to the extent it survives Devers's waiver of counsel and election to proceed pro se. See United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004) (ineffective-assistance claims are generally better left for postconviction proceedings); Hunter v. Bowersox, 172 F.3d 1016, 1024 (8th Cir. 1999).

Finding no other nonfrivolous issue for review, see Penson v. Ohio, 488 U.S. 75, 80 (1988), we affirm. We grant counsel leave to withdraw.

_____