# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 19-3778
No. 19-3779

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Michael Walter Selby

*Defendant - Appellant*

——————————

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: December 14, 2020
Filed: March 16, 2021
[Unpublished]

——————————

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.

——————————

PER CURIAM.

On May 22, 2018, detectives received a tip from a confidential informant that Michael Selby and Destiny Sudduth -- known felons barred from associating with each other while on parole -- were transporting methamphetamine in a white rental

vehicle to distribute in Northwest Arkansas, and would complete a drug transaction with another person in the parking lot of a Fayetteville Wal-Mart. The informant told police that Selby was in possession of a firearm. Surveilling, detectives saw Sudduth pull into the parking lot driving a white Toyota rental car with out-of-state license plates. Selby was in the front passenger seat. Detectives followed, stopped the vehicle, and apprehended Selby, Sudduth, and Gerald Conley, a second passenger. A search of the vehicle yielded baggies containing roughly seventy-five grams of methamphetamine, drug paraphernalia, and a stolen .32 caliber revolver in the vehicle's trunk. A warrant search of Selby's cell phone yielded text messages in which Selby attempted to trade the revolver for drugs to sell.

In December 2018, Selby pleaded guilty to possessing more than fifty grams of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). The government agreed to dismiss a separate felon in possession of a firearm charge. See 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In March 2019, Selby was charged with conspiracy to distribute methamphetamine that he had smuggled into the jail where he was housed before sentencing. Selby pleaded guilty to the conspiracy charge; the district court[1] consolidated the two cases for sentencing.

At sentencing, over Selby's objection, the district found that Selby possessed the revolver found in the vehicle's trunk in connection with the distribution offense and applied a two-level firearm enhancement. See USSG § 2D1.1(b)(1). Combined with Selby's base offense level of 30 and criminal history category VI, this resulted in an advisory guidelines range for the distribution offense of 210 to 262 months imprisonment. The court calculated a separate advisory guidelines range of 37 to 46 months imprisonment for the conspiracy count. It imposed concurrent sentences of 210 months for the distribution offense and 37 months for the conspiracy offense.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Selby appeals, challenging: (1) the firearm enhancement and (2) the substantive reasonableness of his 210-month sentence. We affirm.

## I.

Selby argues the district court erred in finding that he possessed the revolver in connection with the drug distribution offense and in imposing the § 2D1.1(b)(1) enhancement. We review the district court's application of the Guidelines *de novo* and its factual findings for clear error. To support this enhancement, "the government must prove two things -- (1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense." United States v. Anderson, 618 F.3d 873, 880 (8th Cir. 2010), cert. denied, 562 U.S. 1249 (2011); see USSG § 2D1.1, cmt. 11(A). "Actual or constructive possession is sufficient" to establish the possession element. United States v. Renteria-Saldana, 755 F.3d 856, 859 (8th Cir.), cert. denied, 574 U.S. 968 (2014). A gun is connected to a drug offense if "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." Anderson, 618 F.3d at 881 (quotation omitted). Generally, "[i]t is enough if the gun is found in the same location where drugs or drug paraphernalia were stored." United States v. Jones, 195 F.3d 379, 384 (8th Cir. 1999) (quotation omitted). The district court may use as evidence the factual basis for the defendant's plea and facts stated in the presentence investigation report to which the defendant does not object. See United States v. Byas, 581 F.3d 723, 725 (8th Cir. 2009). The court's "choice between two permissible views of the evidence is not clearly erroneous." Id. (quotation omitted).

Selby argues there was insufficient evidence he possessed the revolver because he was sitting in the front passenger seat, the gun was found in the Toyota's trunk, Sudduth was driving and Conley was also in the vehicle, and either one of them could have possessed the revolver. However, a firearm may be found to be in the defendant's joint or constructive possession when it is found in the trunk of the

vehicle in which he was traveling in the course of drug trafficking. See United States v. Braggs, 317 F.3d 901, 905 (8th Cir. 2003) (constructive possession of gun thrown from vehicle where drug proceeds found); United States v. Atkins, 250 F.3d 1203, 1214 (8th Cir. 2001) (passenger constructively possessed gun found in car with formulas for manufacturing methamphetamine); see also Anderson, 618 F.3d at 880 (constructive possession of gun defendant locked in his girlfriend's storage unit). Here, it is undisputed that the informant's tip, much of which was corroborated by the detectives' surveillance, included that Selby would be in possession of a firearm. In addition, as a factual basis for his plea, Selby admitted that text messages recovered from his cell phone showed him attempting to trade the revolver for more drugs. The district court did not clearly err in finding that Selby possessed the revolver. All three occupants of the vehicle could be found to be in joint actual or constructive possession of the firearm. See United States v. Brooks-Davis, 984 F.3d 695, 698 (8th Cir. 2021).

Selby further argues the evidence was insufficient to establish it was not clearly improbable that the revolver was connected to his methamphetamine distribution offense. He argues that a gun found in a car trunk is not temporally or spatially related to drug trafficking activity or to a passenger in the front seat, attempting to distinguish our cases that involved drugs found in open rooms. We agree with the district court that, "in terms of temporal and spatial proximity," a gun recovered in the trunk of a car near seventy-five grams of methamphetamine "really does not get any closer." Add in Selby's text messages detailing his attempts to trade the revolver for more drugs to sell, and it is clear the government established the required connection "between the weapon, the drug trafficking activity, and [Selby]." Anderson, 618 F.3d at 881. The district court did not err in imposing the § 2D1.1(b)(1) enhancement.

**II.**

Selby argues his 210-month sentence is substantively unreasonable because it is "greater than necessary to effectuate the legitimate purposes of sentencing" in violation of 18 U.S.C. § 3553(a). He contends that the district court failed to adequately consider mitigating factors. At sentencing, the district court identified and considered numerous aggravating and mitigating sentencing factors. As aggravating factors, the court noted that Selby distributed methamphetamine, a highly addictive substance; possessed a firearm in furtherance of that activity; and attempted to smuggle methamphetamine into the county jail while awaiting sentencing. The court observed that Selby's participation in a "revolving door of conviction[s]" since his release from the Army indicate he is "highly likely to recidivate." The court found, however, that these aggravating factors were "greatly temper[ed]" by the mitigating factors Selby emphasizes on appeal -- drug addictions from an early age; lack of parental guidance; the nonviolent nature of his offenses; his military service and mental health issues arising from time spent in a combat zone in Iraq; and his guilty plea and expressions of remorse at allocution.

Weighing these aggravating and mitigating factors, the advisory guidelines range, and the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Selby to 210 months -- the bottom of his guidelines range for the distribution offense -- and a concurrent sentence for the conspiracy offense. On appeal, the sentence is presumed reasonable because it falls within the advisory guidelines range. See United States v. Cosen, 965 F.3d 929, 932 (8th Cir. 2020). We conclude that Selby has not rebutted this presumption or demonstrated that the district court misapplied its "wide latitude" to weigh the § 3553(a) factors. Id. The court did not abuse its substantial discretion. It imposed a substantively reasonable sentence.

The judgment of the district court is affirmed.

_____