# United States Court of Appeals
### For the Eighth Circuit
_____

No. 18-3713
_____

United States of America

*Plaintiff - Appellee*

v.

James E. Bowman, also known as Drake

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 30, 2020
Filed: April 28, 2021
[Unpublished]
_____

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

The district court[1] sentenced James E. Bowman to a total term of 264 months imprisonment for his convictions of various robbery and firearm offenses. Bowman contends that the district court impermissibly relied on facts in the PSR to which he objected at the sentencing hearing. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

In 2004, a jury convicted Bowman of conspiracy to commit attempted armed bank robbery, in violation of 18 U.S.C. § 371; attempted armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), (d); use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii); and being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 9, 2005, the district court sentenced Bowman to a total term of 319 months imprisonment. After the Supreme Court's decision in Johnson v. United States, 576 U.S. 591, 606 (2015) (holding that the imposition of an increased sentence under the Armed Career Criminal Act's residual clause violates due process), Bowman filed a motion to vacate his sentence on the basis that he no longer qualified as an armed career criminal. After the district court granted Bowman's motion and resentenced him to a total term of 264 months imprisonment, Bowman appealed. This Court found that the district court erroneously applied an outdated sentencing enhancement and impermissibly applied a mandatory consecutive seven-year sentence for his use-of-a-firearm conviction based on facts not found by the jury. Accordingly, this Court vacated the judgment and remanded the case to the district court for resentencing. See United States v. Bowman, 722 F. App'x 599 (8th Cir. 2018) (per curiam).

On December 4, 2018, the district court resentenced Bowman. Pursuant to the United States Sentencing Guidelines, the district court calculated Bowman's Guidelines range as 63 to 78 months imprisonment. It further acknowledged that

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

the maximum sentence for Bowman's conspiracy conviction is 60 months imprisonment, pursuant to 18 U.S.C. § 371, and that Bowman's use-of-a-firearm conviction carries a mandatory minimum sentence of 60 months imprisonment which must run consecutively with the other sentences. When the district court asked whether Bowman objected to the Guidelines calculation, Bowman said he accepted the calculation but objected to the government's characterization of Bowman as a "violent individual" and to the facts underlying his misdemeanor domestic assault conviction in the Presentence Investigation Report (PSR). R. Doc. 350, at 4. In response, the district court stated:

> Well, you know what, I accept your position on that, and I will only consider the conviction that was imposed against you and not the charge that was filed against you or any representation in the record relating to that charge other than the conviction that was imposed against you.

R. Doc. 350, at 4. Next, Bowman objected to the facts underlying his juvenile manslaughter conviction as stated in the PSR, arguing that the conviction could not be considered a "violent offense" because it was an unintentional act—rather than the result of playing "Russian roulette" as the PSR described. R. Doc. 350, at 4-5. The district court replied:

> Well, I'm not sure where you get the full extent of the government's argument in relation to that manslaughter conviction. I will tell you, though, that I'm only considering the record of the convictions that were entered against you and the facts that support those convictions.

R. Doc. 350, at 5.

When crafting Bowman's sentence, the district court stated:

> All right. Mr. Bowman, I believe that taking into consideration all of the sentencing factors as set forth under 18 U.S.C. [§] 3553, including your history and characteristics, which, quite frankly, weighed very heavily and most heavily against you in considering a reasonable and

-3-

appropriate sentence. In that regard, I take into consideration your *extensive violent and dangerous criminal history* noting the fact that you have repeatedly reoffended within a short period of time after release from custody. Additionally, the violent and dangerous conduct that you exhibited in the case at hand, your conviction in this case.

R. Doc. 350, at 8 (emphasis added). The district court then sentenced Bowman to 60 months imprisonment each for his conspiracy, attempted armed-bank-robbery, and felon-in-possession-of-ammunition convictions, all to run consecutively. The district court sentenced Bowman to 84 months imprisonment for his use-of-a-firearm conviction to run consecutively to the other sentences for a total sentence of 264 months imprisonment.[2]

On appeal, Bowman's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Bowman subsequently filed a pro se brief, raising issues outside of those included in the Anders brief. Upon review under Penson v. Ohio, 488 U.S. 75 (1988), we found only the issue of whether the district court committed reversible error by relying on disputed facts in the PSR (an issue raised in Bowman's pro se brief) to have possible merit. Accordingly, we denied counsel's motion to withdraw and ordered supplemental briefing on the issue.

II.

Bowman alleges that the district court committed procedural error by relying on objected-to facts in the PSR when crafting Bowman's sentence in violation of Federal Rule of Criminal Procedure 32. "[A] district court commits procedural error if, after a defendant objects to facts in his presentence report, it relies on those facts in setting his sentence . . . ." United States v. Eagle Chasing, 965 F.3d 647, 653-54

---

[2]The district court specifically noted that this 84 months imprisonment was an upward variance based on the § 3553(a) factors and not based on the increased mandatory minimum sentence of 84 months imprisonment set out in 18 U.S.C. § 924(c)(1)(A)(i), the application of which we rejected in Bowman's case. See Bowman, 722 F. App'x at 600.

(8th Cir. 2020). "A PSR is not evidence[,] [b]ut, '[a] sentencing court may accept the facts in a PSR as true *unless* the defendant objects to specific factual allegations." United States v. Jenners, 473 F.3d 894, 897 (8th Cir. 2007) (third alteration in the original) (citations omitted), abrogated on other grounds by Pepper v. United States, 562 U.S. 476 (2011). If a defendant objects to a portion of the PSR, the district court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the [district] court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B); see also United States v. Poor Bear, 359 F.3d 1038, 1042 (8th Cir. 2004). If the district court otherwise relies on the disputed factual allegations, "the sentence is in error and must be vacated and remanded for resentencing." Jenners, 473 F.3d at 898.

Bowman argues that the district court relied on the facts underlying his juvenile manslaughter and misdemeanor domestic assault convictions, even though Bowman objected to those facts as described in the PSR. He contends that based on the district court's reference to "the record of the convictions that were entered against you *and the facts that support those convictions*," R. Doc. 350, at 5 (emphasis added), and to Bowman's "violent and dangerous criminal history," R. Doc. 350, at 8, the district court must have considered the underlying facts of these convictions. However, the district court first stated that it would only rely on the fact of the convictions themselves and not the underlying facts. When read in context, we understand the district court's latter remark ("and the facts that support those convictions") to mean that it would only consider those essential facts that must be true to sustain the convictions. Because Bowman did not object to these convictions, the district court's reliance on the facts essential to those convictions did not violate Rule 32. See Poor Thunder v. United States, 810 F.2d 817, 824-25 (8th Cir. 1987) (finding that the district court did not err in crafting the defendant's sentence when it accepted as true that the defendant had killed the victim because that fact was essential to the defendant's uncontested first-degree manslaughter conviction).

Bowman disputes this conclusion, arguing that without these underlying facts, the district court could not have found that Bowman had a "violent and dangerous

criminal history" on the convictions alone. But Bowman's criminal history consisted of burglary, manslaughter, second degree burglary and stealing without consent, carrying a weapon, stealing without consent, and misdemeanor domestic abuse. The PSR also contains information regarding an uncharged robbery to which Bowman did not object. Thus, when considered in tandem with Bowman's present convictions of conspiracy to commit attempted armed bank robbery, attempted armed bank robbery, use of a firearm during a crime of violence, and being a felon in possession of ammunition, the district court's characterization of Bowman being "violent and dangerous" is reasonable and is supported by the uncontested portions of the sentencing record. Accordingly, we find that the district court did not err in crafting Bowman's sentence.

III.

The judgment of the district court is affirmed.

_____