# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3881

_____

United States of America,      *
     *
         Plaintiff – Appellee      *
     * Appeal from the United States
     v.      * District Court for the
     * Southern District of Iowa.
Robert Lee Smart, Jr.,      *
     *
         Defendant – Appellant.      *

_____

Submitted: April 12, 2007
Filed: September 6, 2007

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Robert Lee Smart, Jr., pleaded guilty to witness tampering in violation of 18 U.S.C. § 1512(b)(1) and was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 188 months' imprisonment. Smart appeals, asserting the district court erred in: (1) denying his motion for new trial for insufficiency of the evidence; (2) failing to compel the testimony of two defense witnesses; (3) enhancing his sentence because the firearms were stolen; (4) applying a preponderance-of-the-evidence standard to sentence-

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

enhancing facts; (5) finding the number of firearms in determining Smart's sentence; and (6) imposing an unreasonable sentence.  Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

## I.

Smart contends that the district court erred in denying his motion for new trial for insufficient evidence.  This court reviews for abuse of discretion the decision to grant or deny a new trial.  *See* **United States v. Hilliard**, 392 F.3d 981, 987 (8th Cir. 2004).  The district court may "vacate any judgment and grant a new trial if the interest of justice so requires."  **Fed. R. Crim. P. 33(a)**.  However, this authority should be exercised "sparingly and with caution." **United States v. Campos**, 306 F.3d 577, 579 (8th Cir. 2002), *citing* **United States v. Lincoln**, 630 F.2d 1313, 1319 (8th Cir. 1980).  "The court may grant a new trial motion where it finds that the verdict is 'contrary to the weight of the evidence' . . . where the evidence presented weighs heavily enough against the verdict that the court believes a 'miscarriage of justice may have occurred.'" **Hilliard**, 392 F.3d at 986-87, *quoting* **United States v. Huerta-Orozco**, 272 F.3d 561, 565 (8th Cir. 2001).  In considering a new trial motion, the court may evaluate the evidence and the credibility of witnesses. **Hilliard**, 392 F.3d at 987.

To convict Smart as a felon in possession of a firearm, the government must prove beyond a reasonable doubt (1) a previous conviction for a crime punishable by imprisonment over one year, and (2) knowing possession of a firearm (3) that was in or affected interstate commerce. **18 U.S.C. § 922(g)(1)**.  Smart stipulated to elements 1 and 3.  The only issue is whether Smart knowingly possessed a firearm.

"Constructive possession of the firearm is established where the suspect 'has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself.'" **United States v. Sianis**, 275 F.3d 731, 733 (8th Cir.

2002), *quoting* **United States v. Lapsley**, 263 F.3d 839, 842 (8th Cir. 2001). Possession may be joint; it need not be exclusive. **Sianis**, 275 F.3d at 733.

Here, constructive possession was established. Smart was convicted of possession of a Norinco .45 caliber handgun with serial number 615490. Aubrey Anthony testified that this very handgun was one of nine firearms stolen from his residence by his girlfriend, Melanie Blake. Blake testified that she did steal the bag of firearms from Anthony. She admitted taking the bag immediately to Smart's residence. According to Blake, Smart carried the bag into his house and inspected at least one of the firearms. Smart handed her $100. Blake testified she left the bag of firearms with Smart.

Later that evening, Smart and Blake took the bag of firearms to another residence. Blake testified Smart carried the bag in, the guns were laid out on the floor, and other individuals purchased the firearms. Smart participated in the sale of the firearms, stating "everything was a package deal." Blake testified that she later received cash and crack cocaine from Smart for the sale of the firearms.

One purchaser, David Harris, saw Smart at the residence and seven to eight firearms on the floor. Harris testified Smart negotiated the price for the firearms, asking a specific amount for the different firearms. Another witness testified that Smart negotiated a price, wanting "a deal" for all the guns.

There was sufficient evidence to convict Smart of constructive possession of the Norinco .45 handgun. The court did not abuse its discretion in denying the motion for new trial.

## II.

Smart claims that the district court erred by failing to compel the testimony of two defense witnesses: Ryan Duncan and Vernon Goins. This court reviews for

abuse of discretion the decision not to compel testimony after a witness invokes his Fifth Amendment right against self-incrimination. *United States v. Blaylock*, 421 F.3d 758, 770 (8th Cir. 2005), *cert. denied*, 546 U.S. 1126 (2006), *citing United States v. Washington*, 318 F.3d 845, 856 (8th Cir. 2003). "The district court is to review the potential testimony outside the hearing of the jury and order the witness to answer only if it is 'perfectly clear' that the answer 'cannot possibly' tend to incriminate the witness." *United States v. Campbell*, 410 F.3d 456, 463 (8th Cir. 2005), *citing Washington*, 318 F.3d at 856. Representation by the witness's counsel that the witness will invoke his Fifth Amendment rights "is sufficient for the district court to refuse to compel that witness to appear." *United States v. Warfield*, 97 F.3d 1014, 1019-20 (8th Cir. 1996).

Here, the court reviewed Duncan's and Goins's potential testimony outside the presence of the jury, with their attorneys. Both attorneys stated that their clients would exercise their Fifth Amendment rights if asked to testify. The court did not abuse its discretion in refusing to compel the testimony of Goins and Duncan. *See id.* at 1020 ("a defendant does not have the right to call a witness to the stand simply to force invocation of the right against self-incrimination in the presence of the jury"), *quoting United States v. Doddington*, 822 F.2d 818, 822 (8th Cir. 1987).

Moreover, the district court found that the probative value of the two witnesses' testimony was "marginal." Even according to Smart, Goins would testify that Smart and a prosecution witness did not get along.[2] Duncan's testimony, again according to Smart, would be that the same witness and another inmate were passing notes (although Smart does not indicate the content of the notes). Because the evidence of Smart's guilt was "strong and the probative weight of the excluded evidence was relatively weak, . . . the 'error[s] complained of did not contribute to the verdict obtained.'" *United States v. Eagle*, __ F.3d __ (8th Cir. 2007) (brackets in original). To the extent that the district court failed to find whether Goins's and Duncan's

---

[2]This witness is not otherwise mentioned in this opinion.

testimony could possibly tend to incriminate them, any error was harmless beyond a reasonable doubt. *See* **Chapman v. California**, 386 U.S. 18, 24 (1967).

III.

Smart argues that the district court erred in enhancing his sentence two levels because the guns were stolen. This court reviews de novo the interpretation and application of the sentencing guidelines. **United States v. Okai**, 454 F.3d 848, 852 (8th Cir.), *cert. denied*, 127 S. Ct. 697 (2006). The application notes to section 2K2.1 provide that enhancements under subsection (b)(4) for a stolen firearm apply "whether the defendant knew or had reason to believe that the firearm was stolen . . . ." **U.S.S.G. § 2K2.1 cmt. n.8**. Contrary to Smart's assertion, this provision does not violate the constitution or implicate due process concerns. *See* **United States v. Martinez**, 339 F.3d 759, 762 (8th Cir. 2003) ("We now join every other circuit to have addressed the issue and explicitly hold that § 2K2.1(b)(4) does not violate the constitution"). Whether Smart knew (or had reason to believe) the firearms were stolen is irrelevant. The court did not err in enhancing Smart's sentence because the firearms were stolen.

IV.

Smart believes that the standard of proof at sentencing should be beyond a reasonable doubt. This court reviews de novo the interpretation and application of the sentencing guidelines. **Okai**, 454 F.3d at 852. Under the advisory guidelines, sentencing judges are only required to find facts by a preponderance of the evidence. **United States v. Bradford**, __ F.3d __ (8th Cir. 2007); **United States v. Garcia-Gonon**, 433 F.3d 587, 593 (8th Cir. 2006); **United States v. Pirani**, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc). This standard satisfies due process requirements. **Okai**, 454 F.3d at 852. The district court did not err in applying a preponderance-of-the-evidence standard to sentence-enhancing facts.

V.

Smart challenges the district court's calculation of the number of firearms. The sentencing court's quantity calculations are factual findings, reviewed for clear error on appeal. *United States v. Jimenez-Villasenor*, 270 F.3d 554, 561 (8th Cir. 2001). Only the preponderance-of-the-evidence standard is required to find sentence-enhancing facts. *Pirani*, 406 F.3d at 551 n.4.

Here, the court reasoned that the record established nine firearms and imposed a four-level upward adjustment, under U.S.S.G. § 2K2.1(b)(1)(B). Nine firearms were stolen from Anthony's residence by his girlfriend, Blake. Blake testified to entering Anthony's residence, stealing a bag of firearms, and immediately taking the bag to Smart's house. Though one buyer (Harris) testified there were between seven to eight firearms and a witness remembered only five firearms, a finding of nine firearms is supported by a preponderance of the evidence, and is not clearly erroneous. *See United States v. Tucker*, 243 F.3d 499, 506 (8th Cir. 2001) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous").

VI.

Smart asserts that the district court imposed an unreasonable sentence. This court reviews the district court's sentence for unreasonableness, guided by the factors in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Gilmore*, __ F.3d __ (8th Cir. 2007). This is akin to the traditional abuse of discretion review. *United States v. Maloney*, 466 F.3d 663, 667 (8th Cir. 2006)*; United States v. Gatewood*, 438 F.3d 894, 896 (8th Cir. 2006). Sentences imposed within a properly calculated U.S.S.G. range are presumed reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462-67 (2007); *United States v. Soldier*, __ F.3d __ (8th Cir. 2007).

Here, the sentence is not unreasonable. Smart's offense level is 31, with a criminal history category of VI. The guidelines sentencing range is 188 to 235 months. After considering the nature and circumstances of the offense, the history and characteristics of Smart, and the need to afford adequate deterrence, the district court sentenced Smart to 188 months. The district court did not abuse its discretion. *See Soldier*, __ F.3d __ (8th Cir. 2007) ("the district court did not abuse its discretion by imposing a sentence at the bottom of a properly calculated Guidelines range").

## VII.

The judgment of the district court is affirmed.

_____