# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2958

_____

United States of America,           *
                                *

        Appellee,         *    Appeal from the United States
                              *    District Court for the
     v.                    *    Eastern District of Missouri.
                              *

Billy Gene Rippee,         *    [UNPUBLISHED]
                              *

        Appellant.       *

_____

Submitted: January 21, 2009
Filed: January 28, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

A one-count indictment charged Billy Gene Rippee with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), for possessing a Rossi .38 caliber revolver on or about December 22, 2003. After a jury found Rippee guilty of the offense, the district court[1] imposed a within-Guidelines-range sentence of 327 months in prison and 3 years of supervised release. On appeal, Rippee argues that (1) the evidence was insufficient to prove he possessed the firearm because the government did not show that he actually or constructively possessed the

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

firearm at the time of his arrest on December 22; (2) the court erred in calculating an offense level of 34 as he did not possess the firearm in connection with a crime of violence, *see* U.S.S.G. § 4B1.4(b)(3)(A); and (3) the 327-month prison sentence is unreasonable because the court did not give a sufficient explanation or address all of the 18 U.S.C. § 3553(a) factors.

As to the first argument, we note the following evidence. An individual testified that Rippee had told him he would sell a stolen .38 caliber revolver; the individual had not seen the gun, but had reported the conversation to a law enforcement officer. The officer testified that a few days later, on December 22, he had questioned Rippee about the December 10, 2003 burglary of a nearby house; Rippee had admitted breaking into the house and stealing the revolver, and had led officers to its location near his residence. Viewing all of the evidence in the light most favorable to the government, we conclude that a reasonable jury could find beyond a reasonable doubt that Rippee possessed the gun. *See United States v. Bloate*, 534 F.3d 893, 902 (8th Cir. 2008) (standard of review), *petition for cert. filed,* (U.S. Dec. 4, 2008) (No. 08-728); *cf. United States v. Harris*, 344 F.3d 803, 804-05 (8th Cir. 2003) (per curiam) (affirming defendant's conviction for being felon in possession of firearm; although defendant was not in possession of firearm on October 16, as alleged in indictment, defendant admitted to possessing firearm on October 9; charge of firearm possession "on or about" particular date includes possession on days reasonably near date alleged). Moreover, even though a defense witness testified that Rippee's sister had shown her a gun that looked like the Rossi revolver, possession of a firearm under section 922(g)(1) need not be exclusive. *See United States v. Smart*, 501 F.3d 862, 865 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 1258 (2008).

We also conclude that the district court did not err in calculating the offense level because the evidence at trial supported a finding that Rippee possessed the firearm in connection with a burglary. *See United States v. Espinosa*, 539 F.3d 926, 929 (8th Cir. 2008) (standard of review); *United States v. Howard*, 413 F.3d 861, 865

(8th Cir. 2005) (affirming district court's assessment of offense level 34 under § 4B1.4(b)(3)(A) where evidence at trial supported court's finding that guns were object of burglary and had potential of facilitating burglary, and defendant conceded that burglary was crime of violence; holding that phrase "in connection with" in § 4B1.4(b)(3)(A) has same meaning as in former § 2K2.1(b)(5)); *cf.* U.S.S.G. § 2K2.1, comment. (n.14) (phrase "in connection with" applies if firearm facilitated or had potential of facilitating another felony offense; 4-level increase for using or possessing firearm in connection with another felony offense applies in case where defendant finds and takes firearm during course of burglary, even if defendant did not engage in any other conduct with firearm during course of burglary, because presence of firearm had potential of facilitating offense).

Finally, we hold that Rippee's 327-month prison sentence is not unreasonable. *See United States v. Mooney*, 534 F.3d 944, 946-47 (8th Cir. 2008) (district court need not categorically recite all of § 3553(a) factors at sentencing, as long as it is clear that court considered those factors; noting that within-Guidelines-range sentence is accorded presumption of substantive reasonableness on appeal), *petition for cert. filed*, (U.S. Dec. 12, 2008) (No. 08-7793); *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (if district court references some considerations contained in § 3553(a), this court is ordinarily satisfied that district court was aware of contents of relevant statute; noting that when judge decides to simply apply Guidelines to particular case, doing so will not necessarily require lengthy explanation).

The judgment of the district court is affirmed.

_____