# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2627

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Benjamin William Willett, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 2010
Filed: October 18, 2010

_____

Before SMITH and COLLOTON, Circuit Judges, and KORNMANN,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Benjamin Willett pled guilty to possession of a stolen firearm, and the district court sentenced him to 50 months' imprisonment. Willett appeals his sentence, arguing that the district court miscalculated the advisory guideline range. We conclude that the court erred in its application of a four-level specific offense characteristic for trafficking in firearms, pursuant to USSG § 2K2.1(b)(5), and we therefore vacate the judgment and remand for resentencing.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

I.

Willett, Michael Garr, and Daniel Vieth burglarized several residences within four days in July 2008. The burglaries took place in Coralville, Iowa, when the neighborhood was evacuated due to flooding. Approximately 25 firearms were stolen during the burglaries.

The firearms were taken on two different nights. On one night, Garr and Vieth stole a semiautomatic rifle, but Willet was not present. On a later night, with Willett present, the three men broke into another house and discovered a large collection of firearms. Garr loaded a suitcase with eight to ten firearms and carried them out. Willett claimed that he did not want to take the firearms, and that it was Garr's decision to steal the weapons. The owner later reported that 24 handguns were stolen from his house.

After the burglaries, Vieth and Garr sold some of the stolen firearms. They sold the stolen semiautomatic rifle to Seth Mize for $200 from a vehicle in which Willet and a woman also were present. Willett denied receiving any money from the sale and claimed that Garr and Vieth split the $200 profit. The three men met with Mize again in a vehicle several days later, and Mize bought another firearm. During this encounter, Mize viewed other firearms, and Vieth and Garr told Mize that they had three additional firearms that they were willing to sell.

Mize later contacted law enforcement to inquire whether the firearms that he purchased were stolen. Law enforcement seized the firearms and discovered that the weapons matched the description of firearms stolen from one of the residences. Mize then agreed to cooperate with law enforcement and to arrange another purchase from Garr. Mize contacted Garr and explained that he had a friend who was interested in purchasing two firearms. Following several conversations, Garr and Mize scheduled a transaction.

Garr called Mize on the day of the sale and arranged to meet Mize and his "friend," an undercover officer, at an apartment building. When Mize and the officer arrived, they proceeded to apartment 22, where Willett answered the door. It was clear to the undercover officer that Mize and Willett knew each other, and Willett informed the two that Garr was next door in apartment 21. Mize and the officer moved down the hall to the next apartment, where Garr and Vieth were located. Garr presented a suitcase that contained several handguns, and the officer purchased a handgun for $200. After Mize and the officer departed, law enforcement agents arrested Garr and Vieth. A search of the apartment uncovered fourteen additional firearms.

A grand jury indicted Garr, Vieth, and Willett for firearms offenses, and Willet pled guilty to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). At sentencing, Willett objected to the application of a four-level specific offense characteristic, pursuant to § 2K2.1(b)(5), for trafficking in firearms. The district court concluded that the adjustment applied, calculated an advisory guideline range of 46-57 months' imprisonment, and sentenced Willett to 50 months' imprisonment.

II.

Willett contends that the district court erred in applying the four-level adjustment under § 2K2.1(b)(5), because the court held him responsible for acts of Garr and Vieth that the court thought reasonably foreseeable by Willett. We review the district court's interpretation of the sentencing guidelines *de novo*, and its factual determinations for clear error. *United States v. Byas*, 581 F.3d 723, 725 (8th Cir. 2009).

When a defendant is convicted under 18 U.S.C. § 922(j), the base offense level is determined by USSG § 2K2.1(a). A four-level specific offense characteristic also

applies "[i]f *the defendant* engaged in the trafficking of firearms." USSG § 2K2.1(b)(5) (emphasis added).[2] The commentary to § 2K2.1 provides that "[t]he term 'defendant,' consistent with § 1B1.3 (Relevant Conduct), *limits the accountability of the defendant* to the defendant's own conduct and conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused." USSG § 2K2.1, comment. (n.13(B)) (emphasis added).

This limitation means that the defendant is accountable only for conduct described in USSG § 1B1.3(a)(1)(A), which mirrors application note 13 to USSG § 2K2.1. He is not accountable for reasonably foreseeable acts of others, as described in § 1B1.3(a)(1)(B). Reasonable foreseeability is ordinarily part of the relevant conduct analysis under § 1B1.3, but this approach governs only "unless otherwise specified." USSG § 1B1.3(a). The commentary to § 2K2.1 conspicuously omits any reference to the foreseeability aspect of relevant conduct, and expressly "limits" the defendant's accountability to conduct described in § 1B1.3(a)(1)(A). *See United States v. Delgado-Paz*, 506 F.3d 652, 655-56 (8th Cir. 2007) (applying substantially identical commentary from USSG § 5C1.2); *United States v. Pena-Sarabia*, 297 F.3d

---

[2]Commentary to the guideline explains that the adjustment applies when the defendant:

> (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and
> (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual–
>> (I) whose possession or receipt of the firearm would be unlawful; or
>> (II) who intended to use or dispose of the firearm unlawfully.

USSG § 2K2.1, comment. (n.13(A)).

983, 987-88 (10th Cir. 2002) (same). Reasonable foreseeability is thus immaterial to the analysis. *United States v. Strange*, 102 F.3d 356, 360 (8th Cir. 1996).

The district court's determination that Willett was responsible for trafficking in firearms was based on an erroneous interpretation of § 2K2.1(b)(5). The court thought the definitions section of the commentary to § 2K2.1 referred back to "the foreseeability of harm," (S. Tr. 17-18), and the court thus appeared to apply the specific offense characteristic based on what Willett knew or had reason to believe about trafficking by Garr and Vieth. The court did not consider whether Willett engaged in the trafficking of firearms based solely on his *own* conduct, or conduct that *he* aided or abetted, counseled, commanded, induced, procured, or willfully caused. As such, there was procedural error at sentencing.[3]

The government contends that even if the district court erred by applying a reasonable foreseeability standard, the record supports the conclusion that Willett aided or abetted the trafficking of firearms. Willett responds that his mere presence at the scene of a sale and knowledge of the transaction is not sufficient to establish that he aided or abetted firearms trafficking by others. The district court made no findings on this question, however, and we decline to address it in the first instance.

For these reasons, the judgment of the district court is vacated, and the case is remanded for resentencing.

—————————————————————

[3]Willett argues that the district court also erred in applying § 2K2.1(b)(5) because the government failed to prove that Mize was an individual "whose possession or receipt of [a] firearm would be unlawful," or "who intended to use or dispose of the firearm unlawfully." USSG § 2K2.1, comment (n.13(A)). The district court did not address this element of the specific offense characteristic, and because we vacate the sentence on other grounds, we do not reach the issue.