# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3430

_____

United States of America

*Plaintiff - Appellee*

v.

Ricardo Vega

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 11, 2013
Filed: July 29, 2013

_____

Before LOKEN and GRUENDER, Circuit Judges, and WIMES[*], District Judge.

_____

LOKEN, Circuit Judge.

Ricardo Vega pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to 108 months in prison, the bottom of his advisory guidelines range. Vega appeals the sentence

_____

[*]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, sitting by designation.

arguing, as he did at sentencing, that the district court[1] committed procedural error in imposing enhancements because the offense involved between 25 and 99 firearms, U.S.S.G. § 2K2.1(b)(1)(C), and because Vega used or possessed a firearm in connection with another felony offense, § 2K2.1(b)(6)(B). Reviewing these fact findings for clear error, and the district court's interpretation of one application note *de novo*, we affirm. See United States v. Smart, 501 F.3d 862, 866-67 (8th Cir. 2007) (standard of review), cert. denied, 552 U.S. 1199 (2008).

Burglars stole 37 firearms from Sturm's Indoor Gun Range in Springdale, Arkansas. Investigating officers searched the home of Vega, then on probation for a prior felony conviction, and found three handguns hidden under a bathroom sink. Vega admitted he obtained the guns by serving as lookout while two others burgled the gun range. A state court sentenced him to 96 months in prison after he pleaded guilty to accomplice to a commercial burglary. This federal prosecution followed.

The factual basis for the enhancements at issue on appeal was set forth in Paragraph 14 of the Presentence Investigation Report (PSR):

> During questioning, Vega admitted that he was involved with the burglary of Sturm's Indoor Gun Range. He further admitted that he was the "lookout" for the subjects who broke into the range. Vega further stated that after the burglary he and the other subjects parked in a nearby parking lot and divided the stolen guns among the three of them, at which time he received the Glock, Ruger, and Charter Arms weapons.

At sentencing, Vega objected to the two enhancements but not these underlying facts.

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

**A. The Enhancement for 37 Firearms.** Section 2K2.1(b)(1) increases the base offense level for firearm possession offenses if "the offense involved" more than three firearms. For 25-99 firearms, the increase is a substantial 6 levels. Guidelines relevant conduct principles govern specific offense characteristics such as the number of firearms involved in an offense. See United States v. Mahone, 688 F.3d 907, 909 (8th Cir. 2012); U.S.S.G. §§ 1B1.1, comment. (n.1(H)), 1B1.3(a). For offenses "for which § 3D1.2(d) would require grouping of multiple counts," relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). "A defendant need not be charged with or convicted of the [relevant] conduct as long as it could form the basis for a count that would be grouped with the offense of conviction." United States v. Cole, 525 F.3d 656, 659 (8th Cir.), cert. denied, 555 U.S. 929 (2008); U.S.S.G. § 1B1.3, comment. (n.3).

At sentencing, the parties and the district court addressed the issue from this perspective: *If* Vega was in possession of all 37 stolen firearms after the burglary, he could have been charged with unlawful possession of the other 34, an offense that would be grouped with the charged felon-in-possession offense. Based on paragraph 14 of the PSR, the district court found that Vega was in either actual or constructive possession of all 37 firearms when "he participated in dividing the stolen guns" after the burglary. Vega argues the court clearly erred -- because he served only as a lookout, he did not possess more than the three handguns his more culpable accomplices provided him that were later found in his home.

A defendant's possession of firearms may be actual or constructive, sole or joint. See United States v. Byas, 581 F.3d 723, 726 (8th Cir. 2009). Here, Vega served as lookout while his accomplices entered the gun range and stole 37 guns. The trio then drove to a nearby parking lot, where they divided the 37 stolen firearms; Vega received the three later found in his home. Although paragraph 14 of the PSR did not provide direct evidence that Vega personally possessed the other 34 firearms

during the process of dividing the fruits of the burglary, we agree with the district court that "sufficient circumstantial evidence supported a finding of constructive or joint possession, if not actual possession." United States v. Koskela, 86 F.3d 122, 127 (8th Cir. 1996); accord United States v. McCraney, 612 F.3d 1057, 1065-66 (8th Cir. 2010), cert. denied, 131 S. Ct. 1784 (2011); Byas, 581 F.3d at 726; Smart, 501 F.3d at 867. The district court did not clearly err in imposing this enhancement.

**B. Possession in Connection with Another Felony Offense.** One Specific Offense Characteristics guideline provides for a 4-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). An Application Note explains:

> Application When Other Offense is Burglary . . . . -- Subsections (b)(6)(B) and (c)(1) apply (i) in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary . . . .

§ 2K2.1(b)(6)(B), comment. (n. 14(B)(i)). The district court imposed the enhancement because Vega was an accomplice to "another felony offense," commercial burglary, during the course of which firearms were found and taken. Vega argues on appeal, as he did at sentencing, that the phrase "finds and takes a firearm" in Application Note 14(B) requires a finding that the defendant personally found and took a firearm during the course of the burglary; in this case, he did not receive the three handguns until after the burglary was completed. This is an issue of guidelines interpretation we review *de novo*. See Smart, 501 F.3d at 866.

We reject Vega's contention as contrary to well-established relevant conduct principles. As a knowing principal in the joint criminal activity of committing a burglary to steal firearms, Vega was personally responsible when his accomplices, during the course of that burglary, found and took firearms, fulfilling the objectives

of their joint criminal activity.  This interpretation is supported by the purpose of the enhancement -- to increase punishment when an unlawfully possessed firearm has even the potential of facilitating another felony offense.  See U.S.S.G. § 2K2.1(b)(6)(B), comment. (n.14(A)).

Our conclusion is not inconsistent with our decision in United States v. Willett, 623 F.3d 546 (8th Cir. 2010), on which Vega relies.  Willett interpreted a different enhancement for "the trafficking of firearms," § 2K2.1(b)(5).  We concluded that Application Note 13(B), which defined the term "defendant" for purposes of subsection (b)(5), limited the enhancement to the defendant's own conduct and conduct he "aided or abetted." Willett, 623 F.3d at 548-49, quoting Application Note 13(B).  That the definition of "defendant" in Application Note 13(B) applies only to subsection (b)(5) suggests, by negative implication, that the term is not so limited in subsection (b)(6), but instead includes reasonably foreseeable acts of a defendant's accomplices in furtherance of their jointly undertaken criminal activity.  In any case, even if the term "defendant" has the same meaning in subsections (b)(5) and (b)(6), the record in this case, including Vega's state court guilty plea, establishes that he aided and abetted his accomplices in finding and taking 37 firearms during the course of the gun range burglary.  Thus, the district court did not err in imposing this enhancement.

The judgment of the district court is affirmed.

_____