# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4315

_____

United States of America

*Plaintiff - Appellee*

v.

Jody Goldsberry

*Defendant - Appellant*

_____

No. 16-4327

_____

United States of America

*Plaintiff - Appellant*

v.

Jody Goldsberry

*Defendant - Appellee*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 15, 2017
Filed: April 26, 2018

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Jody Goldsberry pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). When calculating Goldsberry's applicable sentencing guideline range, the district court[1] applied enhancements under United States Sentencing Guideline § 2K2.1(a)(2) based on Goldsberry's previous Missouri convictions for second-degree assault on a law enforcement officer and under § 2K2.1(b)(1)(A) based on its finding that Goldsberry possessed between three and seven firearms. Goldsberry appeals these determinations, and the government cross-appeals the court's determination that Goldsberry's Missouri second-degree burglary conviction was not a qualifying predicate offense under the Armed Career Criminal Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.    BACKGROUND

On January 29, 2013, law enforcement officers responded to a 911 call at the residence of Jody Goldsberry's mother. Goldsberry's mother had been shot in the left arm. Goldsberry was not present when officers arrived at the house, but they suspected Goldsberry had fired the .45 caliber gun that injured her.

During a search of the residence, officers located six firearms, several boxes of ammunition, and a spent .45 caliber shell casing on the kitchen floor. The firearms discovered were: a .22 caliber revolver in plain view on top of the refrigerator; four

---

[1] The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

long guns, including a .22 caliber rifle and scope with Goldsberry's fingerprints, under the bed in the master bedroom; and a .50 caliber homemade rifle standing in the corner of the second bedroom.

The district court held evidentiary hearings related to two primary sentencing issues raised by the parties: (1) Goldsberry's claim that he did not reside at his mother's house at the time of the shooting; and (2) Goldsberry's assertion that the only firearm that could be used to enhance his sentence under the sentencing guidelines was the .22 caliber rifle bearing his fingerprint. The court determined that Goldsberry resided at his mother's house at the time of the shooting and that he was the person who shot his mother. With regard to the firearms found inside the house, the court found that Goldsberry had constructive possession of at least three firearms and had actual possession of the unrecovered .45 caliber firearm used to shoot Goldsberry's mother.

At sentencing, the court found that Goldsberry's second-degree Missouri burglary conviction was not a qualifying predicate offense under 18 U.S.C. § 924(e) or U.S.S.G. § 4B1.4(b)(3)(B). The court increased Goldsberry's offense level to 24 under U.S.S.G. § 2K2.1(a)(2) due to Goldsberry's two second-degree Missouri convictions for assault on a law enforcement officer.

Based on these findings, the court determined that Goldsberry's base offense level was 24 under U.S.S.G. § 2K2.1(a)(2), which was adjusted to level 26 after adding the 2-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for an offense involving between three and seven firearms. A person in criminal history category VI with an offense level of 26 faced an advisory sentencing guideline range of 120 to 150 months. The statutory maximum sentence was 120 months. The court sentenced Goldsberry to a term of 120 months' imprisonment.

Goldsberry challenges the district court's application of U.S.S.G. §§

2K2.1(a)(2) and 2K2.1(b)(1)(A).  The government challenges the district court's determination that Goldsberry's second-degree Missouri burglary conviction is not a qualifying offense under the Armed Career Criminal Act.

## II.    DISCUSSION

With regard to sentencing guideline decisions, "we review the district court's factual findings for clear error and its application or interpretation of guidelines provisions *de novo*."  United States v. Petruk, 836 F.3d 974, 976 (8th Cir. 2016).

### A.    U.S.S.G. § 2K2.1(b)(1)(A)

Goldsberry argues that the district court erred in applying a 2-level enhancement under Guidelines § 2K2.1(b)(1)(A).  Goldsberry concedes that he possessed the .22 caliber rifle found with his fingerprint on it, but he argues there was insufficient evidence to connect him with any of the other firearms.

"A defendant's possession of firearms may be actual or constructive, sole or joint."  United States v. Vega, 720 F.3d 1002, 1003 (8th Cir. 2013).  Constructive possession "requires both knowledge that the contraband is present and dominion over the premises where the contraband is located."  United States v. Ways, 832 F.3d 887, 897 (8th Cir. 2016).  "[C]onstructive possession can be established by a showing that the firearm was seized at the defendant's residence."  United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999).

Along with testimony that mail was found at the home with Goldsberry's name on it, neighbors and family members testified that Goldsberry lived at the house with his mother.  In addition, Goldsberry used his mother's address when he was booked into custody.  Goldsberry's knowledge of the firearms and dominion over the residence were sufficient to establish his constructive possession of the firearms

found inside the house. Goldsberry argues that his mother's ownership of the .22 caliber revolver found on the refrigerator precluded his constructive possession. This argument is unavailing. Possession may be "sole or joint." Vega, 720 F.3d at 1003. The district court did not clearly err in finding that the offense involved possession of between three and seven firearms.

### B. U.S.S.G. § 2K2.1(a)(2)

Goldsberry has two prior Missouri convictions for assault on a law enforcement officer. Only the 2009 conviction was contested on appeal. The district court noted the inconsistency with the complaint charging Goldsberry, which referenced Mo. Rev. Stat. § 565.081.1, and the information filed two months later that referenced a violation of Mo. Rev. Stat. § 565.082.2. The court found the information contained a typographical error and that a conviction under § 565.082.1(1) is a violent felony.

We need not address the substance of Goldsberry's claim because the district court specifically noted that it would not have changed the overall sentence even had the second assault conviction been a non-qualifying offense under U.S.S.G. § 2K2.1(a)(2). See United States v. Martinez, 821 F.3d 984, 988-89 (8th Cir. 2016) (stating error is harmless "where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence . . . such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied"). The court specifically stated that, regardless of the applicable sentencing range, it would have varied upward to the statutory maximum because a sentence of 120 months "is in fact the appropriate sentence."

### C. Missouri Second-Degree Burglary Conviction

The United States has cross-appealed the district court's conclusion that Goldsberry's second-degree burglary conviction from Missouri is not a qualifying predicate offense under the Armed Career Criminal Act. The government's argument is foreclosed by our recent decision in United States v. Naylor, __ F.3d __, 2018 WL 1630249 (8th Cir. 2018) (en banc) (concluding a Missouri conviction for second-degree burglary does not qualify as a violent felony under the Armed Career Criminal Act).

## III.    CONCLUSION

For the reasons stated above, we affirm.

_____