# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3106

———————————————

United States of America

*Plaintiff - Appellee*

v.

Cornelius Anderson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: May 27, 2020
Filed: June 4, 2020
[Unpublished]

——————————

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

The district court[1] gave Cornelius Anderson a 60-month prison sentence for conspiring to sell stolen firearms. *See* 18 U.S.C. §§ 371, 922(j). In an *Anders* brief,

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Anderson's counsel seeks permission to withdraw and challenges a sentence enhancement for trafficking firearms and the lack of a reduction for acceptance of responsibility. *See Anders v. California*, 386 U.S. 738 (1967).

There is adequate support in the record for the firearms-trafficking enhancement. *See United States v. Willett*, 623 F.3d 546, 548–49 (8th Cir. 2010) (discussing the standard of review); *see also* U.S.S.G. § 2K2.1(b)(5). Anderson's plea stipulations and other evidence established that he personally facilitated the sale of at least two stolen firearms. *See Willett*, 623 F.3d at 549. The district court also had reason to deny an acceptance-of-responsibility reduction, because Anderson later attempted to deny at sentencing what he had already admitted in his plea agreement. *See United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017) (affirming the denial of a reduction because the defendant had "denied much of the conduct relevant to her convictions").

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no other non-frivolous issues for appeal. Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____