# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1005
_____

United States of America

*Plaintiff - Appellee*

v.

James Bell, III, also known as "Boog"

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: December 13, 2021
Filed: December 30, 2021
[Unpublished]

_____

Before LOKEN, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After James Bell III sold marijuana and guns to a confidential informant, he pleaded guilty to distributing a controlled substance near a protected location following a conviction for a felony drug offense, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 860(a), and 851, using a communication facility to facilitate a felony drug crime, *see id.* § 843(b), (d)(1), and possessing a firearm as a felon and as a person

convicted of a misdemeanor crime of domestic violence, *see* 18 U.S.C. §§ 922(g)(1), (g)(9), 924(a)(2). At sentencing, the district court[1] found that the offenses had involved three to seven firearms—a finding that increased Bell's offense level under the Sentencing Guidelines by two levels. *See* USSG § 2K2.1(b)(1)(A). The court increased his offense level by four additional levels when it found that Bell had used or possessed firearms in connection with another felony offense, or had transferred them with reason to believe they would be used or possessed in connection with another felony offense. *See id.* § 2K2.1(b)(6)(B). The court sentenced Bell to 37 months' imprisonment. He maintains on appeal that the court miscalculated his Guidelines range by applying the two firearms-related enhancements. We review these contentions for clear error, *see United States v. Goldsberry*, 888 F.3d 941, 943–44 (8th Cir. 2018), *United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020), which arises when "the record leaves us with a firm and definite conviction that the district court made a mistake." *See United States v. Quinto-Pascual*, 9 F.4th 797, 799 (8th Cir. 2021). We affirm.

We begin with Bell's challenge to the two-level enhancement he received for offenses involving three to seven firearms. *See* USSG § 2K2.1(b)(1)(A). Bell concedes that he sold the informant two firearms and that these two firearms count toward this enhancement, but he disputes that the evidence supported a finding that a third firearm was involved. The district court found that a third firearm could be attributed to Bell because, when the informant met Bell at his residence to purchase the two firearms, Bell offered to sell the informant a third firearm for $600.

Bell contends that there's no evidence he actually possessed a third gun. But the PSR states, without objection from Bell, that he told the informant "he had" another firearm that he would sell. We find no fault in the district court taking Bell

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

at his word. As the court pointed out, moreover, Bell had indicated in his previous dealings with the informant that the firearms he offered to sell were not in his possession but that he would have to obtain them from his firearms source. On the day he offered to sell the third gun, however, he did not intimate a need to obtain the gun from a supplier, an indication that he had it ready to hand. We hold that the district court did not clearly err in applying this enhancement.

Turning to the second enhancement at issue, the relevant guideline provides for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." *See* USSG § 2K2.1(b)(6)(B). Bell's PSR recommended the enhancement because he possessed firearms in connection with his distribution offense. It noted that, during the time when Bell and the confidential informant met to complete the firearms sale, Bell also sold a small amount of marijuana to an unknown woman.

The district court, however, found that there was "not much of a connection" between the firearms and this isolated distribution. So rather than focus on that sale, the court focused on Bell's activities with the informant. It pointed out that he had sold the informant marijuana and that the two had discussed cocaine prices. The court also found it relevant that the informant had asked Bell about obtaining a "throwaway" firearm, and asked whether the firearms sold to him were "hot." According to the court, "The way the [informant] talks about the firearm is consistent with him using it in the drug trade." So the court found that Bell had reason to believe that the informant was "engaged in drug trafficking."

We detect no clear error here. For the reasons that the district court offered, Bell had reason to suspect that the informant participated in the drug trade and that the informant might use the firearms he purchased from Bell while participating in

that trade since "firearms are tools of the trade in drug trafficking." *See United States v. Dalton*, 557 F.3d 586, 589 (8th Cir. 2009). We are not left with a definite and firm conviction that the district court made a mistake in applying the enhancement, as the record amply supports a conclusion that Bell transferred the firearms with "reason to believe that [they] would be used or possessed in connection with another felony offense."

In addition, Application Note 14(B) to USSG § 2K2.1 provides that the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." The record shows that Bell distributed both firearms and drugs from his residence, at least one time simultaneously. It also reflects that Bell had at least once traded drugs for guns. Given the firearms' close proximity to Bell's drug trafficking activities, we cannot say that the court clearly erred in applying the enhancement.

Affirmed.

_____