# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2341

_____

United States of America

*Plaintiff - Appellee*

v.

Leonard Allen Weimer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: March 15, 2023
Filed: April 28, 2023
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Leonard Weimer appeals his sentence for possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), and 924(a)(2). We affirm.

In April 2021, Weimer was pulled over for driving with a barred license. He was arrested. Upon searching his person, officers found ammunition and a small bag of methamphetamine. Weimer admitted to being a felon. Officers then searched his car and found a Marlin .22 rifle and a loaded magazine.

The next month, as part of a burglary investigation, the police executed a search warrant on Weimer's residence, a small house on a farm owned by Craig Wells. Near the house, in an ambulance parked on the property, officers found a Mossberg 12-gauge shotgun along with photographs and documents associated with Weimer. That same day, the police also searched one of Weimer's former residences where he sometimes stayed—a trailer occupied by his ex-girlfriend, Laylaymya, and her and Weimer's nine-year-old son. There, officers found a Jimenez .380 pistol, ammunition, and new vinyl-wrapped windows. Both Laylaymya and the son told officers that Weimer gave the pistol to his son as a gift. Laylaymya also said that Weimer had sold the windows to her and delivered them to the trailer himself.

A few days after the trailer search, Weimer's uncle informed the police of a phone call that he received from Laylaymya about a discovery she made in the trailer that officers apparently overlooked: a trove of guns and ammunition hidden in a closet compartment. Laylaymya had called the uncle in a panic, so he took the guns from her—four in total—and turned them over to the police. When officers later asked Laylaymya about these guns, she stated that she did not know how they got there but that she believed Weimer might have put them there. Wells later identified each of the four guns, as well as the vinyl-wrapped windows, as items that he had reported stolen from his farmhouse, which is located on the same property as Weimer's home.

Weimer pleaded guilty to possessing a firearm and ammunition as a prohibited person based on the rifle and ammunition that police found during the traffic stop.

*See* §§ 922(g)(1), (g)(3), and 924(a)(2).  At sentencing, the district court[1] determined that two sentencing guidelines enhancements applied:  a two-level enhancement for possessing between three and seven firearms, *see* U.S.S.G. § 2K2.1(b)(1)(A), and a four-level enhancement for possessing a firearm in connection with another felony offense, *see id.* § 2K2.1(b)(6)(B).  With these enhancements, Weimer's advisory sentencing guidelines range was 92 to 115 months' imprisonment.  The court sentenced him to 96 months.  On appeal, Weimer argues that the Government failed to establish by a preponderance of the evidence that either enhancement applied.  Finding no clear error in the district court's determinations, *see United States v. Goldsberry*, 888 F.3d 941, 943-44 (8th Cir. 2018); *United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020), we affirm Weimer's sentence.

First, the Government proved that Weimer possessed at least three firearms.[2]  With respect to the Mossberg shotgun found in the ambulance, three witnesses, including Wells, testified at Weimer's sentencing hearing that the ambulance belonged to Weimer.  Further, the officers who recovered the weapon testified that they found other identifying property in the ambulance, including Weimer's high school diploma and associated photographs.  As for the Jimenez pistol found during the search of the trailer, Laylaymya and Weimer's son claimed that it was a gift from Weimer, and Laylaymya further testified that it was kept in the room where Weimer stayed when he visited the trailer.  Finally, as for the four guns Laylaymya found in the trailer, officers testified that these were kept in an area where Weimer stored his personal belongings, and Wells testified that the guns were his and had been stolen from his home.  The district court found this testimony credible, and "we are in no position to second-guess" that assessment.  *See United States v. Armstrong*, 60 F.4th

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

[2]Weimer does not dispute that he possessed the Marlin rifle found during the traffic stop, so the Government only needed to prove that he possessed two additional firearms for the § 2K2.1(b)(1)(A) enhancement to apply.

1151, 1168 (8th Cir. 2023). Accordingly, the district court did not clearly err in applying an enhancement under § 2K2.1(b)(1)(A).

Second, the Government also presented sufficient evidence showing that Weimer possessed a firearm in connection with another felony offense. "Another felony offense" under § 2K2.1(b)(6)(B) includes "any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought." *Id*. cmt. n.14(C). Under Iowa law, a person commits the felony offense of second-degree burglary if, "[w]hile perpetrating a burglary in or upon an occupied structure in which no persons are present, the person has . . . a dangerous weapon." Iowa Code § 713.5(1)(a). At sentencing, Wells and his son testified that, shortly after learning that Weimer was in their home without permission, they noticed that various items from their home were missing. Wells confirmed that the four guns that Laylaymya found in the closet compartment, as well as the windows, were some of these items. Moreover, officers testified that they learned from Laylaymya that Weimer delivered the windows to the trailer and that she believed Weimer may have placed the four guns there as well. Once again, we will not second-guess the district court's assessment of witness credibility. Thus, we conclude that the district court did not clearly err in finding that Weimer possessed a firearm in connection with the commission of a burglary and that the § 2K2.1(b)(6)(B) enhancement therefore applied.

Accordingly, we affirm Weimer's sentence.

_____