# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2096

_____

United States of America

*Plaintiff - Appellee*

v.

Marquis Melton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2025
Filed: July 24, 2025
[Unpublished]

_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Marquis Melton pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). In calculating Melton's advisory

Sentencing Guidelines range, the district court[1] applied the cross-reference under U.S.S.G. § 2K2.1(c)(1)(A) for attempted robbery of United States Postal Service ("USPS") property and declined to give acceptance of responsibility under U.S.S.G. § 3E1.1(a). Melton appeals his 120-month sentence. We affirm.

On February 27, 2023, Melton approached a USPS carrier delivering mail in St. Louis and demanded a package at gunpoint. The package, addressed to Melton's deceased grandmother, contained marijuana. According to the carrier, Melton got out of his car, accused the carrier of withholding the package, aimed a black and silver pistol at the carrier, and threatened to "blow [his] head off" unless he handed the package over. When the carrier fled, Melton pursued him to the post office where he again threatened to shoot postal workers. Melton left before the police arrived. The following day, Melton was arrested following a traffic stop.

The Presentence Investigation Report that was prepared following Melton's guilty plea to possession of a firearm by a felon recommended applying the cross-reference under U.S.S.G. § 2K2.1(c)(1)(A) because the underlying conduct constituted attempted robbery of a postal carrier, in violation of 18 U.S.C. § 2114(a). Melton unsuccessfully objected, asserting he could not have robbed someone of property he believed he owned. Melton also sought a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, which the district court declined to apply. After calculating an advisory Sentencing Guidelines range of 97 to 121 months, the court sentenced Melton to 120 months' imprisonment. This appeal followed.

Melton contends the district court erred in its Sentencing Guidelines calculation. However, the district court stated that, regardless of the applicable Guidelines range, it believed a 120-month sentence was appropriate based on the statutory sentencing factors found in 18 U.S.C. § 3553(a). In particular, the court

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

pointed to Melton's serious conduct that put people in danger when he pointed a gun at the carrier in an angry and threatening manner and then pursued the mail truck to the post office.  The court also noted Melton's prior first-degree robbery conviction and the short time—20 months—between when this incident occurred and Melton's parole from the Missouri Department of Corrections.  In light of the court's clear statement that resolution of the disputes regarding the Guidelines calculation did not affect its ultimate sentence determination combined with the court's stated reasons for imposing the sentence it did, we need not reach Melton's objections to the Sentencing Guidelines calculation because any error is harmless.  See United States v. Goldsberry, 888 F.3d 941, 944 (8th Cir. 2018) (declining to address claim regarding Sentencing Guidelines calculation because the district court stated it would have imposed the same sentence even if a lower guideline range applied).

We affirm the judgment of the district court.

_____